UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
PEDRO CRUZ-PEÑA, on behalf of himself,     :
individually, and on behalf of all others similarly-    :
situated,     :
       :
           Plaintiff,     :
       :
      -against-     :
       :
GREAT KITCHEN SUPPORT CORP, and     :
CHRISTIAN DIAZ, individually,     :
       :
          Defendants.     :
---------------------------------------------------------------- X

**COMPLAINT**

Docket No.: 24-cv-6263

Jury Trial Demanded

      PEDRO CRUZ-PEÑA ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as these terms are defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against GREAT KITCHEN SUPPORT CORP ("Great Kitchen"), and CHRISTIAN DIAZ, individually, (together, where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions, and upon information and belief as to all other matters, as follows:

## NATURE OF THE CASE

      1.     This is a civil action for damages and other redress based upon willful violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 146-1.4; (iii) the minimum wage provisions of the NYLL, NYLL § 652, 12 NYCRR 146-1.2; (iv) the NYLL's requirement that employers pay their employees an additional one hour's pay at the minimum wage rate for those days when their employees' spread of hours exceeds ten in a

workday, NYLL § 652, 12 NYCRR § 146-1.6; (v) the NYLL's requirement that employers furnish employees with a wage statement containing specific categories of accurate information on each payday, NYLL § 195(3); (vi) the NYLL's requirement that employers furnish employees with a wage notice containing specific categories of accurate information at the time of hire, NYLL § 195(1); (vii) the NYCRR's requirement that employers reimburse employees for purchased uniforms, 12 NYCRR § 146-1.8; (viii) the NYCRR's requirement that employers pay employees for uniform maintenance, 12 NYCRR § 146-1.7; and (ix) any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiff worked for Defendants - - a New York corporation that operates a Brooklyn-based catering company and its Chief Executive Officer and day-to-day overseer - - as a cook from in or around June 2021 to the end of December 2022.  As described below, throughout Plaintiff's employment, Defendants willfully failed to pay Plaintiff the overtime wages lawfully due to him under the FLSA and the NYLL and the minimum wages due under the NYLL.  Specifically, throughout his employment, Defendants required Plaintiff to work, and Plaintiff did work, in excess of forty hours each workweek, or virtually each week, yet in exchange, Defendants paid Plaintiff a weekly salary that did not correspond in any way to his total hours worked and that by operation of law covered only his first forty hours of work in a week, and thus each week, Defendants failed to pay Plaintiff at any rate of pay, let alone at the rate of one and one-half times his regular rate of pay, or one and one-half times the minimum wage rate, if greater, for those hours that Plaintiff worked in a week in excess of forty.  Further, throughout Plaintiff's employment, the regular rate that Defendants paid Plaintiff when divided by all hours worked fell below the minimum wage that the NYLL requires for each hour of work.

3.      Moreover, for those days when Plaintiff's shift exceeded ten hours from beginning to end, which was almost every workday, Defendants did not compensate Plaintiff with an additional one hour's pay at the minimum wage rate, in violation of the spread of hours provisions of the NYLL and the NYCRR.

4.      Defendants further violated the NYLL by failing to furnish Plaintiff with any wage statement on each payday or with any wage notice at the time of his hire, let alone an accurate wage statement or notice.

5.      Lastly, Defendants required Plaintiff to purchase and maintain a uniform, specifically a chef's jacket, but they failed to reimburse Plaintiff for the cost of purchasing the uniform or the weekly expense of maintaining it, in violation of the NYCRR.

6.      Defendants paid and treated all of their non-managerial cooks, and those working in similar roles, in the same manner.

7.      Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA.  Plaintiff brings his claims under the NYLL and the NYCRR on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

8.      Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL and NYCRR limitations period who suffered damages as a result of Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

9.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*.  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

10.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the actions or omissions giving rise to the claims for relief occurred within this judicial district, in that most of Defendants' operations occurred within in this District and Plaintiff performed most of his work for Defendants in this District.

## PARTIES

11.     At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

12.     At all relevant times herein, Defendant Great Kitchen was and is a New York corporation with its principal place of business located at 2825 Claflin Avenue, Apartment 5J, Bronx, New York 10468, and which conducted its primary operations at 2779 Stillwell Avenue and 147 41st Street, both in Brooklyn, New York 11232.

13.     At all relevant times herein, Defendant Diaz was and is the Chief Executive Officer and the day-to-day overseer of Defendant Great Kitchen.  To that end, Diaz was and is responsible for maintaining employment records for all of Defendants' employees, as well as for hiring and firing employees, setting employees' schedules and determining their work responsibilities, instructing the specific uniform for employees to purchase and wear, managing and overseeing all aspects of the corporate operations, and for determining employees' rates and methods of pay, including those matters with respect to Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs.

14.     At all relevant times, both Defendants were and are "employers" within the meaning of the FLSA, the NYLL, and the NYCRR.  Additionally, at all times relevant to the

FLSA, the qualifying annual business of Defendant Great Kitchen has exceeded and exceeds $500,000.00, and Great Kitchen was and is engaged in interstate commerce within the meaning of the FLSA, as it employed and employs two or more employees, bought and buys materials such as food and cooking supplies from vendors in states other than New York that it then uses in its New York operations, has accepted credit cards as a form of payment based on cardholder agreements with out-of-state companies, as well as cash that has naturally moved across state lines, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

15.     Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former employees, who during the applicable FLSA limitations period, performed any work for Defendants as non-managerial cooks, or in a similar position, and who give consent to file a claim to recover unpaid overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

16.     Defendants have treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) have performed similar tasks, as described in the "Background Facts" section below; (2) were and/or are subject to the same laws and regulations; (3) were and/or are paid in the same or similar manner; (4) were and/or are required to work in excess of forty hours in a workweek; and (5) were and/or are not paid at the required rate of one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

17.     At all relevant times herein, Defendants are and have been aware of the requirement to pay their non-managerial employees working as cooks, or in a similar role, including Plaintiff and FLSA Plaintiffs, at the rate of one and one-half times their respective regular rates of pay for

all hours worked each week over forty, yet they purposefully and willfully chose and continue to choose not to do so.  Indeed, when Plaintiff asked Defendant Diaz to compensate him at the legally-mandated rate of pay, Diaz ignored Plaintiff's request and continued not to pay him overtime pay for those over forty in a week.

18.     Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully failing to pay them overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

19.     In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of himself, individually, as well as on behalf of all those who are similarly-situated whom Defendants have subjected to violations of the NYLL and the NYCRR during the applicable statutory period.

20.     Under FRCP 23(b)(3), a plaintiff must plead that:

   a.     The class is so numerous that joinder is impracticable;

   b.     There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

   c.     Claims or defenses of the representative are typical of the class;

   d.     The representative will fairly and adequately protect the class; and

   e.     A class action is superior to other methods of adjudication.

21.     Plaintiff seeks certification of the following FRCP 23 class:

   Current and former employees who worked as non-managerial cooks, or in a similar role, who during the applicable NYLL limitations period performed any work for Defendants in New York ("Rule 23 Plaintiffs").

<u>Numerosity</u>

22.     During all times applicable to the NYLL, Defendants have employed, in total, at least forty employees that are putative members of this class.

<u>Common Questions of Law and/or Fact</u>

23.     There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff and that predominate over any questions solely affecting individual members of the FRCP 23 class, including, but not limited to, the following: (1) the duties that Defendants required and require each Rule 23 Plaintiff to perform; (2) whether Defendants required and require each Rule 23 Plaintiff to work in excess of forty hours in a week; (3) whether Defendants have properly compensated and compensate the Rule 23 Plaintiffs at the legally-mandated rate of one and one-half times their respective regular rates of pay or one and one-half times the minimum wage rate, if greater, for all hours worked per week over forty; (4) whether Defendants have paid the Rule 23 Plaintiffs at least at the minimum wage that the NYLL and NYCRR require for each hour of work; (5) whether Defendants have paid the Rule 23 Plaintiffs an additional one hour's pay at the minimum wage rate for those days when their spread of hours has exceeded ten in a workday; (6) whether Defendants have furnished the Rule 23 Plaintiffs with an accurate wage statement on each payday that contains the information that NYLL § 195(3) requires; (7) whether Defendants furnished the Rule 23 Plaintiff with an accurate wage notice at the time of hire that contains the information that NYLL 195(1) requires; (8) whether Defendants have reimbursed the Rule 23 Plaintiffs for the total cost of purchasing the required uniform; (9) whether Defendants have paid the Rule 23 Plaintiffs the legally-mandated weekly rate to maintain the required uniform; (10) whether Defendants have kept and maintained records with respect to each hour that the Rule 23 Plaintiffs worked; (11) whether Defendants have kept and maintained records with respect to the compensation that they have paid to the Rule 23 Plaintiffs; (12) whether

Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; (13) whether Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and its supporting regulations; and (14) if so, what constitutes the proper measure of damages.

<u>Typicality of Claims and/or Defenses</u>

24.     As described in the "Background Facts" section below, Defendants have employed Plaintiff and Rule 23 Plaintiffs as non-managerial cooks, or in a similar role.  Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as Plaintiff and the Rule 23 Plaintiffs work and/or have worked for Defendants in New York, yet Defendants have failed to: pay them at the statutorily-required rate of one and one-half times their respective regular rates of pay or one and one-half times the minimum wage, if greater, for all hours worked in excess of forty in a week; pay the Rule 23 Plaintiffs at least at the minimum wage rate that the NYLL requires for each hour worked; pay the Rule 23 Plaintiffs an additional one hour's pay at the minimum wage rate for those days when their spread of hours exceeds ten in a workday; furnish them with an accurate wage statement on each payday or with an accurate wage notice at the time of hire; reimburse them for the total cost of purchasing the required uniform; and/or pay them a weekly rate to maintain the required uniform.  Plaintiff and the Rule 23 Plaintiffs enjoy the same rights under the NYLL and/or the NYCRR to receive overtime wages at the statutorily-required rate of one and one-half times their regular rates of pay or one and one-half time the minimum wage rate, if greater, for all hours worked each week over forty, to be paid at least at the minimum wage for each hour worked, to be paid an additional one hour's pay at the minimum wage rate for those days when their spread of hours exceeds ten in a workday, to be furnished with an accurate wage statement on each payday and an accurate wage notice at hire, and to be reimbursed for the cost of purchasing and maintaining the required uniform.  Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL

8

and its supporting regulations.   Plaintiff and the Rule 23 Plaintiffs have all suffered injury, including lack of compensation or under-compensation due to Defendants' common policies, practices, and patterns of conduct.   Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and Defendants' defenses to those claims.

Adequacy

25.     Plaintiff, as described below, worked similar hours and performed similar duties as the Rule 23 Plaintiffs throughout his employment with Defendants.   Defendants did not pay Plaintiff overtime at a rate of one and one-half times his regular rate of pay or one and one-half times the minimum wage rate, if greater, for all of his hours worked over forty in a week, did not pay him at least at the minimum wage for each hour that he worked, did not pay him an additional one hour's pay at the minimum wage rate for those days when his spread of hours exceeded ten in a workday, did not furnish him with an accurate wage statement on each payday or with an accurate wage notice at the time of his hire, and did not reimburse him for the total cost of purchasing or maintaining the required uniform, which is substantially-similar to how Defendants have paid and treated the Rule 23 Plaintiffs.   Plaintiff fully anticipates testifying under oath and providing discovery responses as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer that pertain to him.   Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

26.     Additionally, Plaintiff's counsel has substantial experience in this field of law.

Superiority

27.     Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class.   Indeed, at all relevant times herein, Defendants

have treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

28.     Any lawsuit brought by any non-managerial cook that worked for Defendants for the same violations alleged herein would be identical to a suit brought by any other similar employee for the same violations.  Thus, separate litigation would risk inconsistent results.

29.     Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## **BACKGROUND FACTS**

30.     Defendant Great Kitchen is a New York corporation that operates a catering business through which it provide its clients prepared foods pursuant to contracts and catering services for specific events, including acquiring the necessary food and materials for a specific order, having its cooks prepare, cook, and package the food for delivery, deliver the prepared food to event locations, prepare the delivered food at event locations for service to guests in attendance, plate the food for service, and clean up after the completion of the event.  The majority of these operations, such as food preparation and packaging for delivery, are conducted at two kitchens, located at the Brooklyn addresses listed above.

31.     Defendant Diaz, as detailed above, was and is responsible for overseeing the business on a day-to-day basis and in that role, making all significant personnel-related decisions for all of Defendants' employees, including all of those matters with respect to Plaintiff.  Indeed, Diaz personally hired Plaintiff, set Plaintiff's hours and rate of pay, directed Plaintiff where to work, and instructed Plaintiff about the work to be done and the required uniform to wear.  Diaz also maintained or should have maintained Plaintiff's employment records.

32.     Plaintiff worked for Defendants from in or around June 2021 until December 2022, as a cook, primarily preparing food according to the orders that Defendants received from their

clients.  He also performed such tasks as packaging food for delivery to event locations, plating food at event locations, and cleanup at the end of an event.

33.     For approximately the first six months that Plaintiff worked for Defendants, from in or around June 2021 through in or around November 2021, Plaintiff worked primarily at 2779 Stillwell Avenue in Brooklyn.

34.     From in or around December 2021 through the end of his employment with Defendants, Plaintiff worked primarily at 147 41st Street in Brooklyn.

35.     Throughout Plaintiff's employment with Defendants, Plaintiff also worked at different event locations.

36.     For the first six months that Plaintiff worked for Defendants, from in or around June 2021 through November 2021, Plaintiff's schedule varied depending on the work he performed each week, but was generally Monday through Sunday, six, but sometimes seven, twelve-hour workdays per week, with a half-hour break each workday and random day off every now and then.  On most days that he worked preparing food only, his schedule was 8:00 a.m. to 8:00 p.m., and on days that he prepared food and also worked an event, his workday started as early as 6:30 a.m. or as late as 2:00 p.m., and ended at least twelve hours later, for a total number of hours worked that ranged from sixty-nine to eighty and one-half hours each week.

37.     From in or around December 2021 through the end of his employment with Defendants, Plaintiff's schedule varied depending on the work he performed each week, but was generally Monday through Sunday, six, but sometimes seven, twelve-hour workdays per week, with a half-hour break each workday and random day off every now and then.  On most days that he worked preparing food only, his schedule was 8:30 a.m. to 7:30 p.m., and on days that he prepared food and also worked an event, his workday started as early as 6:30 a.m. or as late as

2:00 p.m., and ended at least twelve hours later, for a total number of hours worked that ranged from sixty-three to seventy-three and one-half hours each week.

38.     In exchange for his work, Defendants paid Plaintiff a weekly salary, in random sums, which varied from week-to-week at Defendants' whim, and which did not correspond in any way to his total hours worked in a week, and that by operation of law, covered only Plaintiff's first forty hours of work in a week.

39.     The total wages that Defendants paid Plaintiff each week, when divided by all hours of work, also fell below the minimum wage rate that the NYLL requires for each hour worked.

40.     For example, from December 2021 through the end of his employment, when Plaintiff worked either sixty-three or seventy-three and one-half hours each week, Defendants paid Plaintiff a salary that changed week to week, with it being $583.00 on the low end or $990.00 on the high end.  There was no rhyme or reason to how much Defendants would pay Plaintiff each week and the amount did not in any correspond to his hours worked.  This salary covered only Plaintiff's first forty hours of work in a week, meaning that Defendants did not pay Plaintiff any wages for his hours worked over forty in a week.  Moreover, when divided by the total number of hours that Plaintiff worked each week, it yielded a regular rate of $7.93 to $13.47, which fell below New York's minimum wage rate.

41.     For those days when Plaintiff's shifts exceeded ten hours from beginning to end, which was virtually each day that he worked, Defendants did not pay Plaintiff an additional one hour's pay at the minimum wage rate.

42.     By way of example only, for the workweek of May 2 through May 8, 2022, Defendants required Plaintiff to work, and Plaintiff did work, the following schedule, with a half-hour break on each day:

12

Monday, May 2, 2022: 8:30 a.m. until 7:30 p.m.;

Tuesday, May 3, 2022: 8:30 a.m. until 7:30 p.m.;

Wednesday, May 4, 2022: 8:30 a.m. until 7:30 p.m.;

Thursday, May 5, 2022: 8:30 a.m. until 7:30 p.m.;

Friday, May 6, 2022: 8:30 a.m. until 7:30 p.m.;

Saturday, May 7, 2022: off; and

Sunday, May 8, 2022: 8:30 a.m. until 7:30 p.m.

Accordingly, Plaintiff worked a total of sixty-three hours during this week.  In exchange for his work that week, Defendants paid Plaintiff a salary of $614.00, which by operation of law, covered only Plaintiff's first forty hours of work.  Defendants paid Plaintiff nothing for the twenty-three hours that he worked this week over forty.  Moreover, when divided by the total number of hours that he worked, Defendants paid Plaintiff at the rate of $9.75 per hour, which fell below the NYLL minimum wage rate.  Defendants also failed to pay Plaintiff an additional one hour's pay at the minimum wage rate for the six days that he worked this week during which his shift exceeded ten hours from start to finish.

43.     By way of another example, for the workweek of October 10 through October 16, 2022, Defendants required Plaintiff to work, and Plaintiff did work, the following schedule, with a half-hour break on each day:

Monday, October 10, 2022: 8:30 a.m. until 7:30 p.m.;

Tuesday, October 11, 2022: 8:30 a.m. until 7:30 p.m.;

Wednesday, October 12, 2022: 8:30 a.m. until 7:30 p.m.;

Thursday, October 13, 2022: 8:30 a.m. until 7:30 p.m.;

Friday, October 14, 2022: 8:30 a.m. until 7:30 p.m.;

Saturday, October 15, 2022: 10:45 a.m. until 1:30 a.m.; and

Sunday, October 16, 2022: off.

Accordingly, Plaintiff worked a total of sixty-six and three-quarter hours during this week.  In exchange for his work that week, Defendants paid Plaintiff a salary of $762.00, which by operation of law, covered only Plaintiff's first forty hours of work.  Defendants paid Plaintiff nothing for the twenty-six and three-quarter hours that he worked this week over forty.  Moreover, when divided by the total number of hours that he worked, Defendants paid Plaintiff at the rate of $11.42 per hour, which fell below the NYLL minimum wage rate.  Defendants also failed to pay Plaintiff an additional one hour's pay at the minimum wage rate for the six days that he worked this week during which his shift exceeded ten hours from start to finish.

44.     Defendants paid Plaintiff on a weekly basis by check.

45.     On each occasion when Defendants paid Plaintiff, Defendants failed to provide Plaintiff with any wage statement, let alone a wage statement that accurately listed, *inter alia*, Plaintiff's regular and overtime rates of pay, his overtime hours worked for that week, or his spread of hours pay.  This deprived Plaintiff of the ability to know exactly how much compensation he was entitled to receive and resulted in the underpayment of wages as asserted herein.

46.     Defendants further failed to provide Plaintiff with any wage notice at the time of his hire, let alone a notice that accurately contained, *inter alia*: Plaintiff's rate of pay and basis thereof; whether Plaintiff would be paid by the hour, salary, or in another manner; any allowances claimed; the regular payday designated by Defendants; the name of Defendants; any "doing business as" names used by Defendants; the physical address of Defendants' main office or principal place of business, and a mailing address if different; and Defendants' telephone number.

This deprived Plaintiff of the ability to know exactly how much compensation he was entitled to receive and resulted in the underpayment of wages as asserted herein.

47.     Defendants required Plaintiff to wear a specific uniform, comprised of black pants, black shoes, and a black chef's jacket, the latter of which is a particular garment that is not ordinary street clothing and which Plaintiff initially had to purchase anew and then had to purchase replacements due to ordinary wear and tear.  Defendants did not reimburse Plaintiff for the cost of purchasing any of the chef's jackets.

48.     Defendants did not pay Plaintiff for the weekly expense of maintaining the chef's jacket.

49.     Defendants acted in the manner described herein so as to maximize their profits while minimizing their labor costs and overhead.

50.     Defendants treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

51.     Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendants' benefit.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime Under the FLSA*

52.     Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

53.     29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

54.     As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

55.     As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

56.     Defendants willfully violated the FLSA.

57.     Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

58.     Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime Under the NYLL and the NYCRR*

59.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

60.     NYLL § 160 and 12 NYCRR § 146-1.4 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked exceeding forty in a workweek.

61.     As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL and the NYCRR.

62.     As also described above, Plaintiff, Rule 23 Plaintiffs, any FLSA Plaintiff who opts-in to this action worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

63.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-

half times their respective regular rates of pay, or one and one-half times the minimum wage rate, if greater.

64.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Minimum Wage Under the NYLL and NYCRR*

65.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

66.     NYLL § 652 and 12 NYCRR § 146-1.2 prescribe a minimum wage that employers must pay to their employees for each hour worked.

67.     As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL and the NYCRR.

68.     As also described above, Defendants failed to compensate Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action in accordance with the NYLL's and the NYCRR's minimum wage provisions.

69.     At the least, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are entitled to pay at the minimum wage rate for all hours worked.

70.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's minimum wage provisions.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Violation of the NYLL's and the NYCRR's Spread of Hours Requirements*

71.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

72.     NYLL § 652 and 12 NYCRR § 146-1.6 provide that employees shall receive one hour's pay at the minimum hourly wage rate for any day worked in which their spread of hours exceeds ten.

73.     As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL and the NYCRR.

74.     As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action worked days where their spread of hours exceeded ten, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's spread-of-hours provisions.

75.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are entitled to spread-of-hours pay, in the amount of one hour's pay at the minimum hourly wage rate, for any day that they worked in which their spread of hours exceeded ten.

76.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's spread-of-hours provisions.

**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

77.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

78.     NYLL § 195(3) requires that employers furnish employees with a wage statement that contains accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

79.     As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL.

80.     As also described above, Defendants, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action with a wage statement that accurately contained all of the criteria that the NYLL requires.

81.     Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action in the amount of $250.00 for each workday that each violation occurred, up to a statutory cap of $5,000.00 per person.

### SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Accurate Wage Notices in Violation of the NYLL*

82.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

83.     NYLL § 195(1) requires that employers provide employees with a wage notice that contains accurate, specifically enumerated criteria at the time of hire.

84.     As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL.

85.     As also described above, Defendants, at the time of hire, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action with a wage notice that accurately contained all of the criteria that the NYLL requires.

86.     Pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action in the amount of $50.00 for each workday after the violation initially occurred, up to a statutory cap of $5,000.00 per person.

## SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Failure to Reimburse for Cost of Uniform in Violation of the NYCRR*

87.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

88.     12 NYCRR § 146-1.8 requires that employers reimburse employees for the total cost of a required uniform.

89.     As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL.

90.     As also described above, Defendants required Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action to purchase a uniform, but failed to reimburse them for total cost of the uniform as 12 NYCRR § 146-1.8 requires.

91.     Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action for the total cost of the required uniform, as well as liquidated damages, interest, and attorneys' fees.

## EIGHTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Compensate for Uniform Maintenance in Violation of the NYCRR*

92.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

93.     12 NYCRR § 146-1.7 requires that employers that do not maintain the required uniform for their employees shall pay the employee a weekly rate for the maintenance of the uniform, in addition to the employee's rate of pay.

94.     As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL.

95.     As also described above, Defendants required Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action to maintain a uniform, but failed to pay them a weekly rate for the maintenance of the uniform as 12 NYCRR § 146-1.7 requires.

96.     Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action for the weekly rate to maintain the required uniform, as well as liquidated damages, interest, and attorneys' fees.

## DEMAND FOR A JURY TRIAL

97.     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a.      A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b.      Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.      An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form of this litigation;

d.      Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and authorizing the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.      Certification of the claims brought in this case under the NYLL as a class action pursuant to FRCP 23;

f.      Awarding all damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and wage supplements and any short fall between wages and supplements paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

g.      Granting liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

h.     Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

i.     Designation of Plaintiff and his counsel as collective and class action representatives under the FLSA and the FRCP, respectively;

j.     Awarding pre-judgment and post-judgment interest, as provided by law; and

k.     Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs other and further relief as this Court finds necessary and proper.

Dated:  Garden City, New York
        September 6, 2024

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
910 Franklin Avenue, Suite 205
Garden City, New York 11530
Tel. No. (516) 248-5550
Fax No. (516) 248 6027

By: _____

BRIAN E. NETTLE (5761978)
ALEXANDER T. COLEMAN (AC 8151)
MICHAEL J. BORRELLI (MB 8533)