UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PEDRO CRUZ-PEÑA, on behalf of himself, individually, and on behalf of all others similarly situated,

                      Plaintiff,

       -against-

GREAT KITCHEN SUPPORT CORP., and CHRISTIAN DIAZ, individually,

                      Defendants.

**24 CV 6263 (PKC) (RML)**

## MEMORANDUM OF LAW IN SUPPORT OF

## PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION,

## DISCLOSURE OF CONTACT INFORMATION,

## LEAVE TO DISTRIBUTE NOTICE,

## AND EQUITABLE TOLLING PURSUANT TO 29 U.S.C. § 216(b)

BORRELLI & ASSOCIATES, P.L.L.C.
910 Franklin Avenue, Suite 205
Garden City, New York 11530
Tel. (516) 248-5550
*Attorneys for Plaintiffs*

February 20, 2025

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

PROCEDURAL HISTORY AND PERTINENT FACTS............................................................ 1

ARGUMENT .......................................................................................................................... 2

I.    The Remedial Purposes of the FLSA Warrant Prompt and Accurate Notice to Potential Collective Action Members...................................................................................2

II.   Plaintiffs Easily Satisfy the Lenient Standards for Conditional Certification and Sending Notice to the Potential Collective Action Members.................................................5

III.  The Court Should Order that Notice and a Reminder Notice Be Sent to Potential Collective Action Members and Order Defendant to Produce Complete Contact Information for All Potential Collective Action Members...................................................12

    A.   The Court Should Order the Notice Period to Date Back to Three Years Before the Filing of the Complaint.............................................................................. 13

    B.   The Court Should Order Defendant to Produce Potential Collective Members' Contact Information ................................................................................... 14

    C.   The Court Should Permit Plaintiffs to Send a Notice and a Reminder Notice via Mail, Text Message, and Email, and Permit a Sixty-Day Opt-in Period ........... 15

    IV.  The Court Should Order Equitable Tolling of the FLSA Statute of Limitations.............................................................................................................. 17

CONCLUSION...................................................................................................................... 19

# **TABLE OF AUTHORITIES**

## **Cases**

Aguilo v. Vails Gate Cleaners Inc., 2020 WL 3545558 (S.D.N.Y. June 30, 2020) .................... 10

Alvarado v. Villas Market Place Inc, 2020 WL 91489 (S.D.N.Y. Jan. 8, 2020).................... 10, 14

Alvarez v. Schnipper Restaurants, LLC, 2017 WL 6375793 (S.D.N.Y. Dec. 12, 2017) ......... 7, 11

aniere v. Citigroup, Inc., 827 F. Supp. 2d 294 (S.D.N.Y. 2011) ......................................... 3, 8, 15

Barron v. Casa Luis Corp., 2022 WL 2467595 (E.D.N.Y. Jan. 21, 2022) ........................... passim

Benavides v. Serenity Spa NY Inc., 166 F. Supp. 3d 474 (S.D.N.Y. 2016)......................... 14, 15

Bowens v. Atl. Maint. Corp., 546 F. Supp. 2d 55 (E.D.N.Y. 2008)......................................... 7

Braunstein v. E. Photographic Labs, Inc., 600 F.2d 335 (2d Cir. 1978)......................................... 4

Braunstein v. E. Photographic Labs, Inc., 600 F.2d 335, 336 (2d Cir. 1978)................................ 4

Cabrera v. 211 Garage Corp., 2008 WL 3927457 (S.D.N.Y. Aug. 22, 2008)............................... 7

Cabrera v. Stephens, 2017 WL 4326511 (E.D.N.Y. Sept. 28, 2017) ..................................... 17, 18

Chamorro v. Bahman Ghermezian, No. 12–cv–8159 (TPG) (S.D.N.Y. Feb. 25, 2013) ............. 17

Cheng Chung Liang v. J.C. Broadway Rest., Inc., 2013 WL 2284882 (S.D.N.Y. May 23, 2013)........................................................................................................................................ 11

Cuaya v. VI Dev. Grp., LLC, 2020 WL 5494371 (S.D.N.Y. Sept. 10, 2020)............................... 9

Cunningham v. Elec. Data Sys. Corp., 754 F. Supp. 2d 638(S.D.N.Y. 2010) ......................... 7, 8

Cuzco v. Orion Builders, Inc., 477 F. Supp. 2d 628 (S.D.N.Y. 2007) ........................................ 12

Diaz v. Weinstein Landscaping, 2022 WL 801493 (E.D.N.Y. Feb. 28, 2022) ..................... 13, 14

Encino Motorcars, LLC v. Navarro, 136 S. Ct. 2117 (2016) ........................................................ 2

Fasanelli v. Heartland Brewery, Inc., 516 F. Supp. 2d 317 (S.D.N.Y. 2007) ............................... 4

Fasanelli v. Heartland Brewery, Inc., 516 F. Supp. 2d 317(S.D.N.Y. 2007) ............................ 4, 9

Garcia v. Chipotle Mexican Grill, Inc., 2016 WL 6561302 (S.D.N.Y. Nov. 4, 2016)............... 13

Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66 (2013)............................................................ 3

Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d 101 (S.D.N.Y. 2003)................... 8

Glatt v. Fox Searchlight Pictures Inc., 2013 WL 4834428 (S.D.N.Y. Aug. 26, 2013) ............... 18

Glatt v. Fox Searchlight Pictures, Inc., 811 F.3d 528 (2d Cir. 2016) ........................................ 5, 18

Gortat v. Capala Bros., Inc., 2010 WL 1423018 (E.D.N.Y. Apr. 9, 2010); .................................. 8

Guo Qing Wang v. H.B. Rest. Grp., Inc., 2014 WL 5055813 (S.D.N.Y. Oct. 7, 2014)............... 11

Hallissey v. Am. Online, Inc., 2008 WL 465112 (S.D.N.Y. Feb. 19, 2008)................................. 9

Hart v. Crab Addison, 2015 WL 365785 (W.D.N.Y. Jan. 27, 2015) ........................................... 18

Hernandez v. Bare Burger Dio Inc., 2013 WL 3199292 (S.D.N.Y. June 25, 2013) ............. 11, 15

Hernandez v. Merrill Lynch & Co., Inc., 2012 WL 1193836 (S.D.N.Y. Apr. 6, 2012)............... 15

Hoffmann v. Sbarro, Inc., 982 F. Supp. 249 (S.D.N.Y. 1997) ........................................................ 4

Hoffmann, 982 F.Supp. at 262-63 ................................................................................................... 4

Hoffmann-LaRoche, Inc. v. Sperling, 493 U.S. 165 (1989).................................................... 4, 13

Imbarrato v. Banta Mgmt. Servs., Inc., 2022 WL 1210868 (S.D.N.Y. Apr. 25, 2022)............... 16

In re Penthouse Exec. Club Comp. Litig., 2010 WL 4340255 (S.D.N.Y. Oct. 27, 2010) .......... 7, 9

Jackson v. Bloomberg, L.P., 298 F.R.D. 152 (S.D.N.Y. 2014).................................................... 18

Jeong Woo Kim v. 511 E. 5th St., LLC, 985 F. Supp. 2d 439 (S.D.N.Y. 2013)........................... 9

Jinquan Yin v. Pomodoro Italian Express Inc., 2019 WL 13694969 (S.D.N.Y. Mar. 11,
    2019).......................................................................................................................................... 8

Juarez v. 449 Rest., Inc., 29 F. Supp. 3d 363 (S.D.N.Y. 2014) ..................................................... 4

Julian v. Metlife, Inc., 298 F. Supp. 3d 699 (S.D.N.Y. 2018) ........................................... 7, 12, 14

Khamsiri v. George & Frank's Japanese Noodle Restaurant Inc., 2012 WL 1981507
    (S.D.N.Y. June 1, 2012) .......................................................................................................... 12

Klimchak v. Cardona, Inc., 2011 WL 1120463(E.D.N.Y. Mar. 24, 2011) ................................... 8

Knox v. John Varvatos Enterprises Inc., 2017 WL 4675781(S.D.N.Y. Oct. 17, 2017) ............... 15

Leonardo v. ASC, Inc., 2018 WL 5981996 (S.D.N.Y. Nov. 14, 2018)........................................ 14

Lovelace v. Land Appliance Services, Inc., 2020 WL 8921382 (E.D.N.Y. Jan. 3, 2020) ... 5, 6, 14

Lynch v. United Services Auto. Ass'n, 491 F. Supp. 2d 357 (S.D.N.Y. 2007).............................. 3

Malloy v. Richard Fleischman & Assocs. Inc., 2009 WL 1585979 (S.D.N.Y. June 3,
    2009).......................................................................................................................................... 7

Marin v. Apple-Metro, Inc., 2014 WL 7271591 (E.D.N.Y. Sept. 16, 2014)............................... 13

iii

Mark v. Gawker Media LLC, 2014 WL 4058417 (S.D.N.Y. Aug. 15, 2014) ............................... 4

Martin v. Sprint/united Management Co., 2016 WL 30334 (S.D.N.Y. Jan. 4, 2016) ................. 14

McGlone v. Contract Callers, 867 F. Supp. 2d 438 (S.D.N.Y. 2012) ......................................... 18

Meyers v. Hertz Corp. 624 F.3D 537 (2d. Cir. 2010) ...................................................................... 1

Mongiove v. Nate's Corp., 2016 WL 590460 (E.D.N.Y. Feb. 11, 2016).................................... 16

Nabi v. Hudson Group (HG) Retail, LLC, 310 F.R.D. 119 (S.D.N.Y. 2015) .............................. 7

Pefanis v. Westway Diner, Inc., 2008 WL 4546526 (S.D.N.Y. Oct. 8, 2008) ............................ 12

Puglisi V. T.D. Bank, Inc., 998 F. Supp. 2d 95 (E.D.N.Y. 2014) ............................................ 5, 6

Racey v. Jay-Jay Cabaret, Inc., 2016 WL 3020933 (S.D.N.Y. May 23, 2016) ........................... 16

Ramirez v. M L Rest., Corp., 2015 WL 12564227 (S.D.N.Y. Mar. 13, 2015) ........................... 12

Ramos v. Platt, 2014 WL 3639194 (S.D.N.Y. July 23, 2014)..................................................... 11

Raniere v. Citigroup, Inc., 533 Fed. Appx. 11 (2d Cir. 2013) .................................................... 3

Raniere v. Citigroup, Inc., 827 F. Supp. 2d 294 (S.D.N.Y. 2011)............................................... 3

Rashid v. Majmundar, 2013 WL 11319388 (S.D.N.Y. Apr. 4, 2013).......................................... 7

Realite v. Ark Rests., 7 F. Supp. 2d 303 (S.D.N.Y. 1998) ........................................................... 8

Richards v. Empire Scaffolding Systems, Inc., 2022 WL 2384154 (S.D.N.Y. July 1, 2022)............................................................................................................................................ 16

Romero v. La Revise Assoc., L.L.C., 968 F. Supp. 2d 639 (S.D.N.Y. 2013) ............................. 11

Rosa v. Dhillon, 2020 WL 7343071 (E.D.N.Y. Dec. 14, 2020)................................................... 14

Sanchez v. El Rancho Sports Bar Corp., 2014 WL 1998236 (S.D.N.Y. May 13, 2014) .............. 7

Scott v. Chipotle Mexican Grill, Inc., 954 F.3d 502 (2d Cir. 2020) ......................................... 3, 4

Serrano v. C.R. Landscaping and Tree Services Corp., 2022 WL 2467694 (E.D.N.Y. Jan. 1, 2022).......................................................................................................................... 14, 15, 16

Sexton v. Franklin First Fin., Ltd., 2009 WL 1706535 (E.D.N.Y. June 16, 2009) ..................... 15

She Jian Guo v. Tommy's Sushi, Inc., 2014 WL 5314822 (S.D.N.Y. Oct. 16, 2014) .................. 7

Sultonmurodov v. Mesivita of Long Beach, 2015 WL 5918415 (E.D.N.Y. Oct. 9, 2015) .... 13, 16

Taveras v. LSTD, LLC, 2018 WL 4103493 (S.D.N.Y. Aug. 28, 2018)................................. 11, 15

Torres v. Gristede's Operating Corp., 2006 WL 2819730 (S.D.N.Y. Sept. 29, 2006).................. 7

*Valerio v. RNC Industries, LLC*, 2:14-cv-03761 (LDW)(AKT) (E.D.N.Y. Jun. 24, 2016) ........ 16

*Williams v. TSU Global Serv., Inc.*, 2018 WL 6075668 (E.D.N.Y. Nov. 20, 2018 ............. 5, 6, 9

*Winfield v. Citibank, N.A.*, 843 F. Supp. 2d 397 (S.D.N.Y. 2012)................................................ 6

*Yahraes v. Rest. Assocs. Events Corp.*, 2011 WL 844963 (E.D.N.Y. Mar. 8, 2011) ................. 18

*Yang v. Rainbow Nails Salon IV Inc.*, 2019 WL 2166686 (E.D.N.Y. May 16, 2019) ................. 6

*Yap v. Mooncake Food Inc.*, 146 F. Supp. 3d 552 (S.D.N.Y. 2015)............................................ 15

*Young v. Cooper Cameron Corp.*, 229 F.R.D. 50 (S.D.N.Y. 2005)............................................. 15

## <u>Statutes</u>

29 U.S.C. § 207(a) ........................................................................................................................ 3

29 U.S.C. § 216(b) ................................................................................................................. 1, 3, 5

## PRELIMINARY STATEMENT

Named Plaintiff Pedro Cruz-Pena, and opt-in Plaintiffs Dianelba Suriel and Amalia Godinez (together as "Plaintiffs"), move this Court for an order conditionally certifying a Fair Labor Standards Act ("FLSA") collective action pursuant to 29 U.S.C. § 216(b), requiring from Defendant Great Kitchen Support Corp ("Defendant") the disclosure of the potential collective members' contact information, authorizing the distribution of notice, by various means, to potentially affected individuals in the manners described below, and equitably tolling the statute of limitations. The Court should grant the motion so that current and former employees who worked for Defendant as cooks or kitchen helpers, at any location in New York City, at any time between September 6, 2021, and the present, can receive notice of their right to participate in this action. Plaintiffs seek this relief in accordance with the overwhelming precedent in this Circuit, and from this Court, to grant conditional certification of FLSA collective actions after a plaintiff has met his low burden by making a "modest factual showing" that he and potential opt-in plaintiffs "together were victims of a common policy or plan that violated the law." *Barron v. Casa Luis Corp.*, 2022 WL 2467595, at * 2 (E.D.N.Y. Jan. 21, 2022) (Tiscione, *J.*) (citing *Myers v. Hertz Corp.*, 624 F.3D 537, 554-55 (2d. Cir. 2010)).

## PROCEDURAL HISTORY AND PERTINENT FACTS

On September 6, 2024, Cruz-Pena filed this action on behalf of himself, individually, and on behalf of all others similarly-situated, seeking relief for Defendant's violations of the overtime provisions of the FLSA, as well as various provisions of the New York Labor Law and its supporting regulations. (*See* Compl., ECF No. 1). That same day, Cruz-Pena, along with opt-in Plaintiff Suriel, both filed their consents to become a party in this collective action, thereby opting into the case. (ECF Nos. 4-5). On December 16, 2024, opt-in plaintiff Godinez filed her consent to join this lawsuit. (ECF No. 15). On December 20, 2024, Defendant filed its Answer. (ECF

No. 16). In February 2025, Plaintiffs sought Defendant's consent to conditional certification, and the parties discussed the matter with the Court during the Rule 16 conference held on February 10, 2025. Defendants have not consented to conditional certification, but also have not responded to requests for their position or any grounds for opposition. (*See* Consiglio Decl.). Further, although Defendant's counsel represented to the Court that he would promptly serve Rule 26(a) initial disclosures, that has not yet been done. (*See id.*).

For the pertinent facts on this motion, the Court is respectfully referred to Plaintiff Cruz-Pena's Complaint in this action and Declaration accompanying this motion. In sum, Plaintiffs are cooks and kitchen assistants who prepare and package food for delivery in Defendant's catering business at three locations in Brooklyn and the Bronx. They worked shifts of between 11 and 15 hours per day, six or seven days per week, for totals typically of 63 or 73.5 hours in a week. They were paid random weekly amounts varying from $583 to $990. The variation in amounts did not correspond to the number of hours worked per week, but was determined arbitrarily by Defendants. In no case did they receive the requisite time-and-a-half of minimum wage for their hours worked over 40 hours in a given week. On occasion they discussed their pay with other employees and understood that the other kitchen employees were paid in the same arbitrary manner and not in compliance with FLSA's overtime requirement.

## <u>ARGUMENT</u>

### I.    **The Remedial Purposes of the FLSA Warrant Prompt and Accurate Notice to <u>Potential Collective Action Members.</u>**

"The FLSA requires employers to pay overtime compensation to covered employees who work more than 40 hours in a given week. The rate of overtime pay must be 'not less than one and one-half times the regular rate' of the employee's pay." *Encino Motorcars, LLC v. Navarro*, 136 S. Ct. 2117, 2121 (2016) (quoting 29 U.S.C. § 207(a)). Further, as the Second Circuit has

confirmed, the FLSA establishes a <u>substantive right</u> for an employee to bring an action by or on behalf of any other similarly-situated employees, and a right of any employee to become a party plaintiff to any such action, *Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502, 516 (2d Cir. 2020) (citing 29 U.S.C. § 216(b)), and specifically provides that any employer who fails to pay its employees required overtime compensation:

> [s]hall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages.

29 U.S.C. § 216(b).

Pursuant to 29 U.S.C. § 216(b), and unlike Rule 23 class actions, which the Second Circuit has distinguished as a mere procedural mechanism, *Scott*, 954 F.3d at 515, individuals who wish to join a collective action must file with the court a written consent that the action may proceed on their behalf. *Id.* Indeed, the Supreme Court has characterized § 216(b) as a "joinder process." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 n.1 (2013). "FLSA actions are, consequently, not true representative actions as under Rule 23, but instead those actions brought about by individual employees who affirmatively join a single suit." *Raniere v. Citigroup, Inc.*, 827 F. Supp. 2d 294, 313 (S.D.N.Y. 2011) (*rev'd on other grounds*, *Raniere v. Citigroup, Inc.*, 533 Fed. Appx. 11 (2d Cir. 2013)). Thus, "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b).

Until an absent collective action member opts-in, the statute of limitations on his/her claims continues to run. 29 U.S.C. § 255(a); *Lynch v. United Services Auto. Ass'n*, 491 F. Supp. 2d 357, 371 (S.D.N.Y. 2007). It is thus important that notice be given promptly to preserve the claims of collective action members, and it is not uncommon for courts to approve expedited notice. *See*

3

*Braunstein v. E. Photographic Labs, Inc.*, 600 F.2d 335, 336 (2d Cir. 1978); *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 262 (S.D.N.Y. 1997) (Sotomayor, *J.*).

In *Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989), the Supreme Court recognized the importance of collective members receiving "accurate and timely" notice about a pending FLSA action so that they can take action. The Supreme Court noted that the "collective action" mechanism provides individuals with "the advantage of lower individual costs to vindicate rights by the pooling of resources," which results in the "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged [FLSA violation]." *Id.* at 170. Even though 29 U.S.C. § 216(b) does not require parties to obtain judicial approval before seeking to advise other similarly-situated persons of their FLSA rights, district courts routinely expedite and facilitate notice to potential opt-in plaintiffs by "conditionally certifying" the § 216(b) collective. *See, e.g.*, *Scott*, 954 F.3d at 515; *Myers*, 624 F.3d at 554; *Mark v. Gawker Media LLC*, 2014 WL 4058417, at *2 (S.D.N.Y. Aug. 15, 2014) ("District courts have discretion to facilitate this collective action mechanism by authorizing that notice be sent to potential plaintiffs informing them of the pendency of the action and of their opportunity to opt-in as represented plaintiffs.") (citation omitted); *see also Juarez v. 449 Rest., Inc.*, 29 F. Supp. 3d 363, 369 (S.D.N.Y. 2014) (same).

Conditional certification furthers the FLSA's "broad remedial purpose," *Braunstein*, 600 F.2d at 336; *accord Hoffmann*, 982 F. Supp. at 262-63, and is justified by a court's "managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way." *Hoffmann-LaRoche*, 493 U.S. at 170-71; *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 321 (S.D.N.Y. 2007) ("when determining whether a matter

4

shall proceed as a collective action, courts should be mindful of the remedial purposes of the FLSA").

## II.    Plaintiffs Easily Satisfy the Lenient Standards for Conditional Certification and Sending Notice to the Potential Collective Action Members.

The sole requirement for granting a motion for conditional certification and authorizing notice is merely to determine whether the plaintiff and potential opt-in plaintiffs "are sufficiently 'similarly situated' to issue notice and allow the case to proceed as a collective action through discovery." *Barron*, 2022 WL 2467595, at *2 (quoting *Myers*, 624 F.3d at 555); *Lovelace v. Land Appliance Services, Inc.*, 2020 WL 8921382, at *3 (E.D.N.Y. Jan. 3, 2020) (Tiscione, *J.*) (same); *Williams v. TSU Global Serv., Inc.*, 2018 WL 6075668, at *4 (E.D.N.Y. Nov. 20, 2018) (Tiscione, *J.*) (same); *Puglisi V. T.D. Bank, Inc.*, 998 F. Supp. 2d 95, 99 (E.D.N.Y. 2014) (Brown, *J.*) (certifying a nationwide collective after recognizing that "[t]he first step requires only a modest factual showing sufficient to demonstrate [plaintiffs] and potential plaintiffs together were victims of a common policy or plan that violated the law") (internal citations and quotations omitted).  This is only a preliminary determination, because as the Second Circuit has recognized, courts within it "have coalesced around a two-step method, a method which, while again not required by the terms of [the] FLSA or the Supreme Court's cases, we think is sensible." *Myers*, 624 F.3d at 554-55; *see also Glatt v. Fox Searchlight Pictures, Inc.*, 811 F.3d 528, 540 (2d Cir. 2016).  "The first step involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a[n] FLSA violation has occurred." *Myers*, 624 F.3d at 555; *Hoffman*, 982 F.Supp. at 261.

The Second Circuit, in *Scott*, recently reaffirmed its endorsement of this two-step process for certifying FLSA collective actions based on the "similarly situated" requirement, and also provided clear guidance on what being "similarly situated" in this context means. 954 F.3d at 516.

5

In its decision, the Second Circuit acknowledged that the FLSA does not define the term "similarly situated" and that that court itself had previously "said little regarding what it [substantively] means to be 'similarly situated'" for FLSA collective purposes, which had led to disparate results and analyses in the district courts. *Id.* To resolve that conflict among the district courts, the Second Circuit affirmatively defined the similarly situated standard as follows:

> [T]o be "similarly situated" means that named plaintiff[] and opt-in plaintiffs are alike with regard to some material aspect of their litigation. That is, party plaintiffs are similarly situated, and may proceed in a collective, to the extent they share a similar issue of law or fact material to the disposition of their FLSA claims. It follows that if named plaintiffs and party plaintiffs share legal or factual similarities material to the disposition of their claims, dissimilarities in other respects should not defeat collective treatment.

*Id.* (internal punctuation and citation omitted).

With that clear standard in mind, at step-one of the two-step process, the court may authorize the sending of notice after plaintiffs "make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Barron*, 2022 WL 2467595, at *2; *Lovelace*, 2020 WL 8921382, at *3 (same); *Williams*, 2018 WL 6075668, at *4 (same); *Puglisi*, 998 F. Supp. 2d at 99 (same); *Winfield v. Citibank, N.A.*, 843 F. Supp. 2d 397, 402 (S.D.N.Y. 2012) ("[P]laintiffs need only make a modest factual-showing that they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law."). As the Second Circuit has explained, "[t]he modest factual showing . . . should remain a low standard of proof because the purpose of this first stage is merely to determine whether 'similarly situated' plaintiffs do in fact exist." *Myers*, 624 F.3d at 555 (citations omitted).

"Because the standard at the first stage is fairly lenient, courts applying it typically grant conditional certification." *Yang v. Rainbow Nails Salon IV Inc.*, 2019 WL 2166686, at *2 (E.D.N.Y. May 16, 2019) (internal quotations and citations omitted); *Rashid v. Majmundar*, 2013

6

WL 11319388, at *1 (S.D.N.Y. Apr. 4, 2013) (same); *Malloy v. Richard Fleischman & Assocs. Inc*., 2009 WL 1585979, at *2 (S.D.N.Y. June 3, 2009) (quoting *Torres v. Gristede's Operating Corp*., 2006 WL 2819730, at *7 (S.D.N.Y. Sept. 29, 2006)) ("the court 'typically grants conditional certification'"); *see also Julian v. Metlife, Inc.*, 298 F. Supp. 3d 699, 702 (S.D.N.Y. 2018) (remarking that the first stage of conditional certification is a low standard because the purpose is merely to determine whether similarly-situated individuals exist). As Justice Sotomayor wrote when sitting on the district court, at this stage, "[t]he burden on plaintiff is not a stringent one, and the Court need only reach a preliminary determination that potential plaintiffs are 'similarly situated.'" *Hoffmann*, 982 F.Supp. at 261.[1] It is "[a]t the second stage, when the court has a more developed record, [that] the named plaintiffs must prove that 'the plaintiffs who have opted in are in fact similarly situated to the named plaintiffs.'" *Nabi v. Hudson Group (HG) Retail, LLC*, 310 F.R.D. 119, 122 (S.D.N.Y. 2015) (quoting *She Jian Guo v. Tommy's Sushi, Inc*., 2014 WL 5314822, at *2 (S.D.N.Y. Oct. 16, 2014)); *accord Winfield*, 843 F. Supp. 2d at 402, n.3 ("[T]he case law is clear that a heightened standard is not appropriate during the first stage of the conditional certification process and should only be applied once the entirety of discovery has been completed."); *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 105 (S.D.N.Y.

---

[1] *Accord*, *e.g.*, *Alvarez v. Schnipper Restaurants, LLC*, 2017 WL 6375793, at *2 (S.D.N.Y. Dec. 12, 2017) ("Because minimal evidence is available at this early stage of the proceedings, and because the Court retain[s] the ability to reevaluate whether the plaintiffs are similarly situated, Plaintiff faces a relatively lenient evidentiary standard.") (citations and internal quotations omitted); *Sanchez v. El Rancho Sports Bar Corp.*, 2014 WL 1998236, at *1 (S.D.N.Y. May 13, 2014) ("Plaintiffs' burden at this stage is minimal.") (citation and internal quotations omitted); *In re Penthouse Exec. Club Comp. Litig.*, 2010 WL 4340255, at *2 (S.D.N.Y. Oct. 27, 2010) (describing plaintiff's threshold requirements as "very low" or "minimal"); *Cunningham v. Elec. Data Sys. Corp.*, 754 F. Supp. 2d 638, 643-44 (S.D.N.Y. 2010) ("the modest factual showing . . . should remain a low standard of proof"); *Cabrera v. 211 Garage Corp.*, 2008 WL 3927457, at *1 (S.D.N.Y. Aug. 22, 2008) ("[p]laintiffs' burden of showing other potential class members are 'similarly situated' is not onerous at this stage of the litigation") (citations omitted); *Bowens v. Atl. Maint. Corp.*, 546 F. Supp. 2d 55, 82 (E.D.N.Y. 2008) ("FLSA's opt-in provision merely provides an opportunity for potential plaintiffs to join and is only a preliminary determination as to which potential plaintiffs may in fact be similarly situated.") (citations omitted).

2003) ("Should it become clear later that the parties who have opted-in are not similarly situated to the Plaintiff here, I will make any rulings that are necessary and appropriate to ensure that the case is properly formed."); *Realite v. Ark Rests.*, 7 F. Supp. 2d 303, 308 (S.D.N.Y. 1998) ("[P]art of the reason that the standard is so lenient at this point is that the 'similarly situated' finding can be revisited at the second stage of the certification process.") (Sotomayor, *J.*).

There are good reasons why the first stage burden is low.  As Judge Glasser cogently explained:

> Because the statute of limitations for FLSA claims continues to run for each individual plaintiff until he or she opts in, see 29 U.S.C. § 216(b), early certification and notice are favored in order to protect plaintiffs' rights. Thus, only a minimal evidentiary burden is imposed in order to satisfy the 'similarly situated' requirement . . . The heightened scrutiny standard is only appropriate after the opt-in period has ended and the court is able to examine whether the actual plaintiffs brought into the case are similarly situated.  It would not sensibly serve the purposes of a two-step scheme to impose on plaintiffs a heightened burden of proving that as-yet-unknown plaintiffs are similarly situated.

*Gortat v. Capala Bros., Inc.*, 2010 WL 1423018, at *9-10 (E.D.N.Y. Apr. 9, 2010); *accord, e.g.*, *Klimchak v. Cardona, Inc.*, 2011 WL 1120463, at *5 (E.D.N.Y. Mar. 24, 2011); *Raniere*, 827 F. Supp. 2d at 320-21; *Cunningham*, 754 F. Supp. 2d at 645.

Concomitant with the minimal burden and the fact that the members of the collective action are not yet before the court, "the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations" at the conditional certification stage. *Jinquan Yin v. Pomodoro Italian Express Inc*., 2019 WL 13694969, at *2 (S.D.N.Y. Mar. 11, 2019) (citation omitted); *Canelas*, 2020 WL 8996702, at *1 (S.D.N.Y. May 5, 2020) ("Courts do not examine whether there has been an actual violation of law") (internal quotations and citations omitted); *see also Cuaya v. VI Dev. Grp., LLC*, 2020 WL 5494371, at *6 (S.D.N.Y. Sept.

10, 2020) (granting conditional certification based on one declaration that was replete with anecdotal hearsay and ambiguous observations and collecting cases); *Jeong Woo Kim v. 511 E. 5th St., LLC*, 985 F. Supp. 2d 439, 445-46 (S.D.N.Y. 2013) (recognizing that "the burden is so low [at the conditional certification stage] that even one or two affidavits establishing the common plan may suffice"); *Hallissey v. Am. Online, Inc.*, 2008 WL 465112, at *1 (S.D.N.Y. Feb. 19, 2008) (noting that plaintiffs may satisfy this burden by relying on "their own pleadings, affidavits, declarations, or the affidavits and declaration of other potential [collective] members").

Furthermore, "'for conditional certification purposes, the court [should] draw all inferences in favor of the plaintiff[s].'" *Williams*, 2018 WL 6075668, at *4. Courts therefore do not weigh the merits of the underlying claims in determining whether potential opt-ins are similarly situated. *Winfield*, 843 F. Supp. 2d at 407 n.6 ("[C]ourts in this Circuit regularly conclude that [defendant's] declarations do not undermine the plaintiffs' showing in the first stage of the conditional certification process."); *In re Penthouse*, 2010 WL 4340255, at *4 (rejecting defendants' submission of competing affidavits as "amount[ing] to a premature request to make credibility determinations and factual findings, something that is inappropriate at the notice stage"); *Fasanelli*, 516 F. Supp. 2d at 322 ("To the extent that [d]efendants' opposition relies on a detailed factual dispute about whether the [d]efendants maintain an 'illegal off-the-clock' policy, 'illegal tip retention' policy, or fail to pay the minimum wage, that inquiry is misplaced as those issues go to the merits of the case.").

Here, Plaintiffs provide their supporting declarations, based on their personal observations, interactions, and conversations with other current and former Area and Territory Managers, who worked for Defendant while they did, nation-wide, which demonstrate that additional individuals, who are similarly-situated with respect to the Defendant's treatment of them all, exist. *See*

Knickerbocker Decl., ¶¶ 9-11; Coleman Decl., ¶¶ 9-11 Vogt Decl., ¶¶ 8-10.  Plaintiffs all declare that they remember speaking with other Area and Territory Managers about their hours and pay, and collectively provide ten of their names. Knickerbocker Decl., ¶ 9; Coleman Decl., ¶ 9; Vogt Decl., ¶ 8.  Additionally, Plaintiffs' declarations demonstrably show that Defendant paid them according to a common practice of not paying them overtime premiums for hours that they worked over forty in a week, in violation of the law. Knickerbocker Decl., ¶ 11; Coleman Decl., ¶ 11; Vogt Decl., ¶ 10.

This is all that is required - - in fact it is more than what is required - - for Plaintiffs to make their "modest factual showing" and to meet their "low" burden of proof.  Indeed, courts in this Circuit regularly grant conditional certification motions on such evidence as the complaint or the complaint and one plaintiff's affidavit alone. *See, e.g., Barron*, 2022 WL 2467595, at *3 ("Many courts, including this one, have found that allegations in the pleadings and the personal observations of one plaintiff's affidavit are sufficient to make the modest factual showing necessary to conditionally certify [a] class.") (internal citations omitted); *Aguilo v. Vails Gate Cleaners Inc.*, 2020 WL 3545558, at *4 (S.D.N.Y. June 30, 2020) (granting conditional certification and finding that the named-plaintiff's "declaration and the Complaint together establish the modest factual showing necessary to justify conditional certification of employees who performed work similar to her") (citation and internal punctuation omitted); *Canelas*, 2020 WL 8996702, at *1 (granting conditional certification based on the named-plaintiff's affidavit alone); *Alvarado v. Villas Market Place Inc.*, 2020 WL 91489, at *2 (S.D.N.Y. Jan. 8, 2020) (granting conditional certification based solely on the named-plaintiff's affidavit, which included details about the timing and circumstances of his conversations with other workers concerning their alleged wage claims); *Taveras v. LSTD, LLC*, 2018 WL 4103493, at *2 (S.D.N.Y. Aug. 28,

10

2018) (granting conditional certification where only the named-plaintiff "provided factual detail to explain the basis for his knowledge of how other employees were paid"); *Alvarez*, 2017 WL 6375793, at *4 ("[C]ourts in this district routinely certif[y] conditional collective actions based on the plaintiff's affidavit declaring they [sic] have personal knowledge that other coworkers were subjected to similar employer practices.") (citations and internal quotations omitted); *Guo Qing Wang v. H.B. Rest. Grp., Inc.*, 2014 WL 5055813, at *4 (S.D.N.Y. Oct. 7, 2014) (conditionally certifying collective action based on single plaintiff's personal knowledge based on "his observations and his conversations with his coworkers"); *Ramos v. Platt*, 2014 WL 3639194, at *3 (S.D.N.Y. July 23, 2014) (finding that plaintiff made modest factual showing in light of complaint and plaintiff's declaration that described conversations with co-workers regarding defendants' failure to pay overtime); *Juarez*, 29 F. Supp. 3d at 369 ("In assessing the adequacy of a plaintiff's showing, district courts look to pleadings, affidavits, and declarations, but often authorize notice based solely on the personal observations of one plaintiff's affidavit."); *Romero v. La Revise Assoc., L.L.C.*, 968 F. Supp. 2d 639, 646 (S.D.N.Y. 2013) ("The affidavit of a plaintiff attesting to the existence of similarly situated plaintiffs is sufficient for the purposes of a motion to approve a collective action."); *Cheng Chung Liang v. J.C. Broadway Rest., Inc.*, 2013 WL 2284882, at *1 (S.D.N.Y. May 23, 2013) (finding that plaintiff's affidavit was adequate evidence because in it, he testified that his co-workers were not paid properly, a granting conditionally certification motion).

Importantly, there exists no requirement within this Circuit that a minimum number of employees opt-in before a court can conditionally certify a collective. *See, e.g., Guo Qing Wang*, 2014 WL 5055813, at *4 (no opt-ins); *Juarez*, 29 F. Supp. 3d at 369 (no opt-ins); *Hernandez v. Bare Burger Dio Inc.*, 2013 WL 3199292, at *3 (S.D.N.Y. June 25, 2013) (no opt-ins and

conditional certification granted based solely on named plaintiff's declaration); *Khamsiri v. George & Frank's Japanese Noodle Restaurant Inc.*, 2012 WL 1981507, at *1 (S.D.N.Y. June 1, 2012) (no opt-ins and approving conditional collective certification based on single plaintiff's affidavit confirming that she and other non-exempt employees of defendants in tipped positions, who performed work similar to her, were, *inter alia*, paid less than the statutory minimum wage and not paid overtime pay) (internal quotations omitted); *Pefanis v. Westway Diner*, *Inc.*, 2008 WL 4546526, at *1 (S.D.N.Y. Oct. 8, 2008) (no opt-ins); *Cuzco v. Orion Builders*, *Inc.*, 477 F. Supp. 2d 628, 634 (S.D.N.Y. 2007) (no opt-ins and finding that "[t]he single named Plaintiff here has met his burden by successfully demonstrating that there are other workers who are similarly situated to him, and that is enough for this matter to move forward").

Here, Cruz-Pena has submitted a supporting Declaration, and two coworkers of his have joined the case as opt-in plaintiffs. Accordingly, Plaintiffs have easily satisfied their burden on this motion.

**III.    The Court Should Order that Notice and a Reminder Notice Be Sent to Potential Collective Action Members and Order Defendant to Produce Complete Contact Information for All Potential Collective Action Members**

Based on the foregoing, the Court should authorize Plaintiffs to disseminate notice to all potential members of the collective, defined as "current and former employees, who during the applicable FLSA limitations period of September 6, 2021 through the end of litigation, performed any work for Defendants as non-managerial cooks, or in a similar position, and who give consent to file a claim to recover unpaid overtime compensation and liquidated damages that are legally due to them." *See Myers*, 624 F.3d at 555; *Julian*, 298 F. Supp. 3d at 707; *Ramirez v. M L Rest., Corp.*, 2015 WL 12564227, at *2 (S.D.N.Y. Mar. 13, 2015); *Winfield*, 843 F. Supp. 2d at 400-05. A proposed Notice of Lawsuit and Consent to Join form ("Notice") is attached as Exhibit A to the accompanying Consiglio Declaration. This Notice provides clear instructions on how to opt-in

12

and accurately states the prohibition against retaliation or discrimination for participation in an FLSA action. This Notice further explains the responsibilities that opt-in plaintiffs incur when joining the lawsuit including, *inter alia*, providing information relating to their employment with Defendant, appearing for a deposition, or testifying in court, and also unequivocally indicates, in numerous sections, that the recipient of the Notice is not necessarily entitled to monetary recovery. The Notice is "timely, accurate, and informative," thus meeting all legal requirements. *See Hoffmann-LaRoche, Inc.*, 493 U.S. at 172. The proposed Notice achieves the goal of providing potential opt-ins with accurate and timely notice concerning the pendency of the collective action and the Court should therefore adopt it.

**A.**   ***The Court Should Order the Notice Period to Date Back to Three Years Before the Filing of the Complaint***

Consistent with this Court's prior rulings, Plaintiffs request that the Notice be sent to those similarly situated persons employed by Defendant at any time within three years of the filing of the Complaint through the present. *See, e.g., Diaz v. Weinstein Landscaping*, 2022 WL 801493, at *7 (E.D.N.Y. Feb. 28, 2022) (Tiscione, *J.*); *Barron*, 2022 WL 2467595, at *6 (same); *accord Garcia v. Chipotle Mexican Grill, Inc.*, 2016 WL 6561302, at *9 (S.D.N.Y. Nov. 4, 2016); *Sultonmurodov v. Mesivita of Long Beach*, 2015 WL 5918415, at *4 (E.D.N.Y. Oct. 9, 2015) ("[T]he court holds that notices shall be sent out to those potential collective members employed within the three year period prior to the date of the filing of the Complaint. Defendants may challenge the timeliness of individual plaintiffs' claims at a later date."); *Marin v. Apple-Metro, Inc.*, 2014 WL 7271591, at *3 (E.D.N.Y. Sept. 16, 2014) (permitting notice period "to run from three years prior to commencement of the action, rather than the date of the notice").

The Complaint in this case was filed on September 6, 2024. Thus, in order to provide notice of the action to all potentially affected individuals, Plaintiffs request that the Court order

Defendant to produce the contact information described in Section III.B *infra* for those Area and Territory Managers who were employed with them at any time, regardless of location, within three years from the date of the filing of the Complaint, which is September 6, 2021, until the present.

**B.**  ***The Court Should Order Defendant to Produce Potential Collective Members' Contact Information***

In addition to certifying the collective action, and so as to facilitate notice distribution, Plaintiffs request that the Court also order Defendant to produce the following within fourteen days of its Order:

> A computer-readable data file containing the names, last known mailing addresses, all last known home and mobile telephone numbers, all known email addresses, and dates of employment of all potential collective action members.

*See, e.g.*, *Diaz*, 2022 WL 801493, at *11 (ordering defendants to produce the names, mailing addresses, emails, telephone numbers, dates of employment of potential members of the collective, and social media information); *Serrano v. C.R. Landscaping and Tree Services Corp*., 2022 WL 2467694, at *11 (E.D.N.Y. Jan. 1, 2022) (Tiscione, *J.*) (ordering defendants to produce the names, mailing addresses, emails, telephone numbers, and dates of employment of potential members of the collective); *Lovelace*, 2020 WL 8921382, at *8 (same); *Rosa v. Dhillon*, 2020 WL 7343071, at *8 (E.D.N.Y. Dec. 14, 2020) (ordering defendants to disclose names, addresses, email addresses, and native languages of potential collective members); *Alvarado*, 2020 WL 91489, at *3 (ordering defendants to provide to plaintiff's counsel "the contact information (including names, address, email addresses, and telephone numbers) and dates of employment of all potential members of the collective"); *Julian*, 298 F. Supp. 3d at 699 (granting plaintiff's motion, including the request for contact information of potential opt-in plaintiffs); *Leonardo v. ASC, Inc.*, 2018 WL 5981996, at *3 (S.D.N.Y. Nov. 14, 2018) (citing *Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 488 (S.D.N.Y. 2016) and *Martin v. Sprint/united Management Co.*, 2016 WL 30334, at *19-20

14

(S.D.N.Y. Jan. 4, 2016) (collecting cases)) ("Courts in this District commonly grant requests for the production of names, mailing addresses, email addresses, telephone numbers, and dates of employment in connection with the conditional certification of a FLSA collective action."); *Taveras*, 2018 WL 4103493, at *2  (same).[2]

### C.  *The Court Should Permit Plaintiffs to Send a Notice and a Reminder Notice via Mail, Text Message, and Email, and Permit a Sixty-Day Opt-in Period*

With respect to the distribution of notice, Plaintiffs additionally request that the Court allow them to send reminder notices to the potential opt-in plaintiffs thirty days after the original mailing of notice in order to remind any potential collective members who have not yet joined the case of the impending deadline for their response, which would be sixty-days after sending the original notice. *See, e.g., Serrano*, 2022 WL 2467694, at *11 (granting plaintiffs' request to send reminder notices to potential members of the collective); *Barron*, 2022 WL 2467595, at *6 (same); *see also, e.g., Hernandez v. City of New York*, 2017 WL 2829816, at *9 (S.D.N.Y. June 29, 2017) (holding that a sixty-day notice period is appropriate after recognizing that "[c]ourts in the Second Circuit generally provide opt-in periods of 60 days"); *Yap v. Mooncake Food Inc.*, 146 F. Supp. 3d 552, 566-67 (S.D.N.Y. 2015) (limiting the notice period to sixty days after finding that "courts in this Circuit routinely restrict the opt-in period to 60 days").  Courts within this Circuit routinely approve this request. *See, e.g.*, *Knox v. John Varvatos Enterprises Inc.*, 2017 WL 4675781, at *15

---

[2] *See also Hernandez*, 2017 WL 2829816, at *10 ("Consistent with the decisions of other courts in this District, the Court grants Plaintiffs' request to order the City to provide contact information for potential collective action members.") (citations omitted); *Bare Burger*, 2013 WL 3199292, at *5 (quoting *Sexton v. Franklin First Fin., Ltd.*, 2009 WL 1706535, at *13 (E.D.N.Y. June 16, 2009)) (ordering the production of telephone numbers of the potential collective members, finding that "[a]s has been noted by a number of courts in this circuit, 'courts often grant this kind of request in connection with a conditional certification of an FLSA collective action'"); *Hernandez v. Merrill Lynch & Co., Inc.*, 2012 WL 1193836, at *7 (S.D.N.Y. Apr. 6, 2012) ("[I]n this day of electronic communication, courts have authorized defendants to provide email address[es] as well."); *Raniere*, 827 F. Supp. 2d at 294, 327-28; *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 56-57 (S.D.N.Y. 2005).

(S.D.N.Y. Oct. 17, 2017) ("Moreover, many courts in this district have permitted sending a reminder notice.").[3]  Thus, because reminder notices help to "facilitate[] the remedial goals of the FLSA by protecting potential class members against their claims being extinguished by the running limitations period," the Court should authorize Plaintiffs to send a reminder notice here. *Mongiove v. Nate's Corp.*, 2016 WL 590460, at *7 (E.D.N.Y. Feb. 11, 2016).  A proposed Reminder Notice is attached as Exhibit B to the Consiglio Declaration.

Moreover, Plaintiffs should be permitted to send the original and reminder notices by text message containing a link to the notices hosted on Plaintiffs' Counsel's website, and also by email as an attachment, because Plaintiffs declared that they regularly communicated with Defendant using their personal cellular phones, often by text message and email.  (*See* Cruz-Pena Decl.). Indeed, given the prevalent communication between Plaintiffs with Defendant through cellular phones, and consistent with the policy of informing as many individuals as possible, notice by text message and email is likely to be a viable and efficient means of communicating with many prospective members of this particular collective action. *Richards v. Empire Scaffolding Systems, Inc.*, 2022 WL 2384154, at *3 (S.D.N.Y. July 1, 2022) (allowing text messages where the employer frequently used text messages to communicate with their employees); *Imbarrato v. Banta Mgmt. Servs., Inc.*, 2022 WL 1210868, at *6 (S.D.N.Y. Apr. 25, 2022) (for efficiency reasons, approving plaintiffs' request to disseminate the notice by mail, email, and text message to potential opt-in plaintiffs); *Serrano*, 2022 WL 2467694, at *10 ("A Plaintiff may deviate from the traditional

---

[3] *See also, e.g., Racey v. Jay-Jay Cabaret, Inc.*, 2016 WL 3020933, at *11 (S.D.N.Y. May 23, 2016) ("The Court will permit such a [reminder notice], in accordance with the reasoning of other courts in this District.") (collecting cases); *Valerio v. RNC Indus., LLC*, No. 2:14-cv-03761 (LDW)(AKT), ECF No. 51 (E.D.N.Y. June 24, 2016) ("[T]he Court joins the prevailing view that sending a reminder notice is consistent with the FLSA's objective of informing potential plaintiffs of the collective action and their right to opt-in.") (citations and internal quotations omitted); *Sultonmurodov*, 2015 WL 5918415, at *2 ("Sending a reminder notice is consistent with the FLSA's objective of informing potential plaintiffs of the collective action and their right to opt-in.").

methods [of mail, email, and text message] generally accepted by courts sitting in this Circuit for disseminating notice to the putative collective members where Plaintiff provides justification to do so") (modifications in the original); *Cabrera v. Stephens*, 2017 WL 4326511, at *8 (E.D.N.Y. Sept. 28, 2017) ("Practical requests such as [text messaging and emails] reasonably further the purpose of notice of a collective action under the FLSA"); *Chamorro v. Bahman Ghermezian*, No. 12–cv–8159 (TPG), ECF No. 17 ¶ 5 (S.D.N.Y. Feb. 25, 2013) (authorizing FLSA notice to be distributed by text message).[4]  A proposed text message is attached as Exhibit C to the Consiglio Declaration.  A proposed subject line and body of an email, which shall contain the FLSA collective action notice (and reminder notice, when appropriate) as an email attachment, is attached as Exhibit D to the Consiglio Declaration.

Thus, Plaintiffs request that this Court authorize Plaintiffs to send a text message and a reminder text message containing a link to the original and reminder notices hosted on Plaintiffs' Counsel's website, as well as an email and reminder email with the appropriate notice as an attachment.

## IV.    The Court Should Order Equitable Tolling of the FLSA Statute of Limitations

Should the Court grant the instant motion, Plaintiffs respectfully request that, to avoid inequitable circumstances, the FLSA statute of limitations be tolled from the date of filing of this motion until such time as the Court resolves this motion.  District courts in this Circuit have increasingly granted requests for equitable tolling to avoid the prejudice to actual or potential opt-in plaintiffs that can arise from the unique procedural posture of such cases. *See, e.g.*, *Barron*, 2022

---

[4] *See also Maldonado v. Arcadia Business Corp*., 2015 WL 1914933, at *4 (E.D.N.Y. Apr. 27, 2015) ("Plaintiff's counsel is authorized to send the revised notice, opt-in form, and reminder letter to all class members by first class mail and email."); *Jackson*, 298 F.R.D. at 169 (requiring the defendant to provide email addresses to plaintiffs); *Pippins v. KPMG LLP*, 2012 WL 19379, at *14 (S.D.N.Y. Jan. 3, 2012) ("[G]iven the reality of communications today . . . the provision of email addresses and email notice in addition to notice by first class mail is entirely appropriate.").

WL 2467595, at *6 (tolling the statute of limitations from the date plaintiffs filed their motion) (internal quotations and citations omitted); *Jackson v. Bloomberg, L.P.*, 298 F.R.D. 152, 170-71 (S.D.N.Y. 2014) (tolling the statute of limitations as of the date of the filing of the plaintiff's motion); *Glatt v. Fox Searchlight Pictures Inc.*, 2013 WL 4834428, at *2 (S.D.N.Y. Aug. 26, 2013) (*aff'd on other grounds, Glatt*, 811 F.3d at 540) (tolling statute of limitations as of the date the plaintiff was originally scheduled to file her motion for conditional certification); *McGlone v. Contract Callers*, 867 F. Supp. 2d 438, 445 (S.D.N.Y. 2012) (tolling statute of limitations during pendency of conditional certification motion).

Courts have specifically acknowledged that "[t]he delay required to decide a conditional certification motion in an FLSA collective action has itself been accepted as an extraordinary circumstance warranting tolling." *Stephens*, 2017 WL 4326511, at *7; *see also Barron*, 2022 WL 2467595, at *6 (granting tolling during the pendency of plaintiffs' motion because "[a] delay caused by the time required for a court to rule on a motion, such as one for certification of a collective action in a FLSA case, may be deemed an extraordinary circumstance justifying application of the equitable tolling doctrine.") (internal quotations and citations omitted); *Hart v. Crab Addison*, 2015 WL 365785, at *5 (W.D.N.Y. Jan. 27, 2015) (holding that equitable tolling may be appropriate where "the delay . . . may adversely affect the rights of [collective] members who may have no notice of th[e] lawsuit"); *Jackson*, 298 F.R.D. at 170-71 (ordering equitable tolling as of date of filing of conditional certification motion which took seven months to decide); *McGlone*, 867 F. Supp. 2d at 445 (granting request for equitable tolling as of date of filing of conditional certification motion which took four months to decide); *Yahraes v. Rest. Assocs. Events Corp.*, 2011 WL 844963, at *2 (E.D.N.Y. Mar. 8, 2011) (granting equitable tolling as of the dates of service and refiling of conditional certification motion).

Here, should the Court's heavy caseload understandably cause substantial delay in resolving this motion, Plaintiffs submit that equitable tolling would be appropriate under those circumstances, and this is all the more so as, in light of the abundant case law cited herein, Plaintiffs have attempted to solicit Defendant's consent to the relief that they seek, but Defendant has refused.  (*See* Consiglio Decl.).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this motion in its entirety.

Dated: Garden City, New York
        February 20, 2025

                        Respectfully submitted,

                        BORRELLI & ASSOCIATES, P.L.L.C.
                        *Attorneys for Plaintiffs*
                        910 Franklin Avenue, Suite 205
                        Garden City, New York 11530
                        Tel. (516) 248-5550
                        Fax. (516) 248-6027


        By:  _____
                        Anthony P. Consiglio