**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X
Pedro Cruz-Pena,                                                Case No.: 24-cv-06263

                         *Plainitff*,

                     *-against-*

Great Kitchen Support Corp., and Chrisitan Diaz,

                         *Defendants*.
------------------------------------------------------------------------X

# DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR <u>CONDITIONAL CERTIFICATION OF A COLLECTIVE ACTION</u>

**LEVIN-EPSTEIN & ASSOCIATES, P.C.**
Jason Mizrahi, Esq.
Joshua Levin-Epstein, Esq.
60 East 42nd Street, Suite 4700
New York, New York 10165
Tel. No.: (212) 792-0048
Email:   Jason@levinepstein.com
              Joshua@levinepstein.com
*Attorneys for Defendants*

Dated: New York, New York
          March 6, 2025

# TABLE OF CONTENTS

Page

**TABLE OF AUTHORITIES** ......................................................................................................... iii

**PRELIMINARY STATEMENT** ................................................................................................... 1

**RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY** ...................... 2

    A.  Plaintiff's February 19, 2025 Declaration, Signed Under Penalty of Perjury .............. 2

**LEGAL STANDARD** ..................................................................................................................... 3

    I.  Legal Standard for Conditional Certification of a Collective Action ................................. 3

**ARGUMENT** ..................................................................................................................................... 5

    I.  The Court Should Deny Conditional Certification ............................................................ 5

        A.  The Threadbare Cruz-Pena Decl. is Technically Infirm ............................................. 5

            i.  The Lone English-Language Cruz-Pena Decl. is Insufficient ............................... 5

            ii.  The Threadbare Cruz-Pena Decl. Fails to Establish a Common Policy of Unpaid Overtime ................................................................................................................... 6

        B.  Plaintiff Cannot Establish That He is Similarly Situated to the Putative Class............ 7

        C.  Plaintiff has Failed to Show any Common Policy or Practice that Violates the Law .. 9

            i.  Plaintiff Cannot Establish a Common Policy Regarding Unpaid Overtime ........... 9

    II.  Alternatively, the Court Should Deny Equitable Tolling, and Direct that the Parties Submit an Agreed-Upon Revised Notice............................................................................. 11

        A.  There are No Exceptional Circumstances Justifying Equitable Tolling ..................... 11

        B.  Plaintiff's Proposed Notice is Deficient ...................................................................... 11

**CONCLUSION** ................................................................................................................................ 13

# TABLE OF AUTHORITIES

**Cases**

*Abramovich v. Magic Home Care, LLC*,
    1:18-cv-05342 (E.D.N.Y. 2019) ............................................................................... 7

*Ali v. New York City Health & Hosps. Corp.*,
    2013 WL 1245543 (S.D.N.Y. 2013) .......................................................................... 9

*Arevalo v. D.J.'s Underground, Inc.*,
    2010 WL 4026112 (D. Md. 2010) ........................................................................... 12

*Campbell v. PriceWaterhouse Coopers, LLP*,
    2008 WL 2345035 (E.D. Cal. 2008) ........................................................................ 13

*Cuzco v. Orion Builders, Inc.*,
    477 F. Supp. 2d 628 (S.D.N.Y. 2007) ....................................................................... 6

*Eng-Hatcher v. Sprint Nextel Corp.*,
    2009 U.S. Dist. LEXIS 127262 (S.D.N.Y. 2009) .................................................. 7, 9

*Espinoza v. 953 Assocs. LLC*,
    280 F.R.D. 113 (S.D.N.Y. 2011) .............................................................................. 6

*Gordon v. Kaleida Health*,
    2009 WL 3334784 (W.D.N.Y. 2009) ...................................................................... 12

*Guan v. Long Island Bus. Inst., Inc.*,
    2016 WL 4257549 (E.D.N.Y. 2016) ....................................................................... 12

*Guillen v. Marshalls of MA, Inc.*,
    841 F. Supp. 2d 797 (S.D.N.Y. 2012) ....................................................................... 4

*Guo v. Tommy's Sushi Inc.*,
    2014 WL 5314822 (S.D.N.Y. 2014) ........................................................................ 11

*Reyes v. Nidaja, LLC*,
    2015 WL 4622587 (S.D.N.Y. 2015) .......................................................................... 7

*Hintergerger v. Catholic Health Sys.*,
    2009 WL 3464134 (W.D.N.Y. 2009) ...................................................................... 12

*Hoffman-La Roche, Inc. v. Sperling*,
    493 U.S. 165, 170 (1989) .................................................................................................... 3

*Horne v. United Servs. Auto. Ass'n*,
    279 F. Supp. 2d 1231 (M.D. Ala. 2003) ............................................................................. 8

*Jenkins v. TJX Companies Inc.*,
    853 F. Supp. 2d 317 (E.D.N.Y. 2012) ................................................................................ 8

*Jin Yun Zheng v. Good Fortune Supermarket Grp. (USA), Inc.*,
    2013 WL 5132023 (E.D.N.Y. 2013) ................................................................................... 4

*Khan v. Airport Management Servs., Inc.*,
    2011 WL 5597371 (S.D.N.Y. 2011) ............................................................................... 4, 9

*Levinson v. Primedia Inc.*,
    2003 WL 22533428 (S.D.N.Y. 2003) .................................................................................. 5

*Lin v. Benihana Nat'l Corp.*,
    755 F. Supp. 2d 504, 510 (S.D.N.Y. 2010) ......................................................................... 7

*Mendoza v. Casa de Cambio Delgado, Inc.*,
    2008 WL 938584 (S.D.N.Y. 2008) ...................................................................................... 7

*Mike v. Safeco Ins. Co.*,
    274 F. Supp. 2d 216 (D. Conn. 2003) ................................................................................. 8

*Morales v. Plantworks, Inc.*,
    2006 WL 278154 (S.D.N.Y. 2006) .................................................................................. 5, 6

*Myers v. Hertz Corp.*,
    624 F.3d 537 (2d Cir. 2010) ............................................................................................. 4, 6

*O'Donnell v. Robert Half Int'l.*,
    429 F. Supp. 2d 246 (D. Mass. 2006) .................................................................................. 9

*Realite v. Ark Restaurants Corp.*,
    7 F.Supp.2d 303 (S.D.N.Y. 1998) ....................................................................................... 8

*Romero v. H.B. Automotive Group, Inc.*,
    2012 WL 1514810 (S.D.N.Y. 2012) .................................................................................... 4

*Rosario v. Valentine Ave. Disc. Store, Co.*,
    828 F. Supp. 2d 508 (E.D.N.Y. 2011) .............................................................................. 12

*Rudd v. T.L. Cannon Corp.*,
    2011 WL 831446 (N.D.N.Y. 2011) ................................................................................... 3

*Slamna v. API Rest. Corp.*,
    2013 WL 3340290 (S.D.N.Y. 2013) ................................................................................ 12

*Whitehorn v. Wolfgang's Steakhouse, Inc.*,
    767 F. Supp. 2d 445 (S.D.N.Y. 2011) ....................................................................... 11, 12

*Zeledon v. Dimi Gyro LLC*,
    2016 WL 6561404 (S.D.N.Y. 2016) .................................................................................. 9

**Statutes**

28 U.S.C. § 1746 .................................................................................................................... 3

Defendants Great Kitchen Support Corp., and Chrisitan Diaz, (collectively, the "Defendants"), by and through the undersigned counsel, Levin-Epstein & Associates, P.C., respectfully submit this Memorandum of Law, in opposition to Plaintiff Pedro Cruz-Pena 's(the "Plaintiff") motion for conditional certification of a collective action filed on February 20, 2025 [Dckt. No. 21], pursuant to 29 U.S.C. § 216(b) (the "Motion for Conditional Certification"), and as grounds thereto respectfully state as follows:

## PRELIMINARY STATEMENT

Plaintiff's Complaint, filed on September 6, 2024 [Dckt. No. 1] (the "Complaint", or the "*Compl.*") contains eight (8) causes of action, of which, only one (1) invokes the Court's subject matter jurisdiction, under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA"). Plaintiff's *sole* FLSA claim is premised on the conclusory assertion that he is owed overtime wages from approximately June 2021 through the end of his employment on December 2022.[1] However, the Cruz-Pena Decl. offered in support of the Motion for Conditional Certification, fails to identify a ***single, specific workweek*** where Plaintiff was not paid for all overtime hours worked during this four (4) month period, where the FLSA would apply.[2] In a bold admission, Plaintiff attests, under penalty of perjury, in the Cruz-Pena Decl., as follows:

> "At the Stillwell Avenue location, the supervisors had a notebook where they recorded the hours worked by each employee, ***and I sometimes signed the book when I arrived to work and when I left***
>
> At the 41st Street and 35th Street locations, Defendants began using an electronic timekeeping system - a tablet where I signed in and out - but the tablet did not work consistently."

[Cruz-Pena Decl. at ¶ 9] (emphasis added).

---

[1] *See Compl.* at ¶ 32, ; *see also* Dckt. No. 21-1 (the "Cruz-Pena Decl.") at p. 1, ¶ 2 ("I worked for Defendants…from June 2021 until December 2022[.]").

[2] The two (2) year statute of limitations on Plaintiff's overtime wages cover a purported period of four (4) months, *i.e.,* from September 2022 to, through and including, December 2022.

1

Thus, Plaintiff admits that Defendants maintained a copy-wide policy of timekeeping, that Plainitff – inexplicably – did not adhere to. At a bare minimum, Plaintiff fails to identify a specific common policy or plan that violates the FLSA. Plaintiff's threadbare evidence and conclusory statements simply cannot support the modest burden to satisfy Second Circuit precedent for conditional certification of a collective action on the broad terms requested for the inclusion of all "current and former employees who worked for Defendant [Great Kitchen Support Corp.] as cooks or kitchen helpers…between September 6, 2021 [through] the present."[3] Plaintiff (a purported cook and kitchen helper) seeks such drastic relief based solely on one (1) self-serving declarations. The lone Cruz-Pena Decl. offered in support of the Motion for Conditional Certification is devoid of any evidence of policies or procedures violative of the FLSA and consist of nothing but speculation and surmise. Accordingly, the motion to conditionally certify amounts to a "fishing expedition" by the lone individual Plaintiff as it is based on pure speculation that there exists other similarly situated workers who were allegedly subjected to the same overtime violations as Plaintiff.

For the reasons set forth more fully below, the Motion for Conditional Certification should be denied.

## RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A. Plaintiff's February 19, 2025 Declaration, Signed Under Penalty of Perjury

On February 20, 2025, Plaintiff filed a declaration in support of his Motion for Conditional Certification (*i.e.,* the Cruz-Pena Decl.). Plaintiff's declaration, signed under penalty of perjury pursuant to 28 U.S.C. § 1746[4], averred that Plaintiff was employed by Defendants from June 2021 through the end of his employment on December 2022, and that:

---

[3] *See* Dckt. No. 21-7 at p. 1.
[4] 28 U.S.C. § 1746 provides in relevant part that:

> "At the Stillwell Avenue location, the supervisors had a notebook where they recorded the hours worked by each employee, *and I sometimes signed the book when I arrived to work and when I left*
>
> At the 41st Street and 35th Street locations, Defendants began using an electronic timekeeping system - a tablet where I signed in and out - but the tablet did not work consistently."

[Cruz-Pena Decl. at ¶ 9] (emphasis added). The Cruz-Pena Decl. was, inexplicably, only submitted in English.

## LEGAL STANDARD

### I. Legal Standard for Conditional Certification of a Collective Action

The FLSA provides for collective actions through an "opt in" procedure. 29 U.S.C. § 216(b). However, a collective action should proceed only where it will facilitate a court's ability to resolve multiple claims efficiently in one proceeding. *See Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989). In determining whether to issue court-authorized notice, courts must be "mindful of the potential burdens associated with defending an FLSA claim involving a large and broadly defined collective group of plaintiffs." *Rudd v. T.L. Cannon Corp.*, 2011 WL 831446, at *6 (N.D.N.Y. 2011), *report and recommendation adopted*, 2011 WL 830636 (N.D.N.Y. Mar. 2011). After all, "[i]t would be a waste of the Court's and the litigants' time and resources to notify a large and diverse class only to later determine that the matter should not proceed as a collective

---

Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
. . .
(2) If executed within the United States…: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
(Signature)"

28 U.S.C. § 1746.

3

action." *Guillen v. Marshalls of MA, Inc.*, 841 F. Supp. 2d 797, 803 (S.D.N.Y. 2012), *adopted*, 2012 WL 2588771 (S.D.N.Y. 2012) (internal quotations and citations omitted). For that reason, § 216(b) provides that only similarly situated employees may utilize the opt-in procedure. 29 U.S.C. § 216(b).

Courts in the Second Circuit utilize a two-tiered approach when deciding whether an FLSA suit may proceed as a collective action. *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010). "The first step involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." *Id*. at 555. "At this stage, the court does not prejudge the merits of the plaintiff's claim, ***provided the plaintiff has made a colorable claim for relief***." *Jin Yun Zheng v. Good Fortune Supermarket Grp. (USA), Inc.*, 2013 WL 5132023, at *1 (E.D.N.Y. 2013) (citation omitted) (emphasis added). Rather, the court looks to pleadings and affidavits to determine whether the putative class members are "similarly situated." *Id*. (citation omitted).

When the pleadings and declaration(s) submitted by a representative plaintiff do not establish the required factual nexus or are based on conclusory assertions, "conditional certification" should be denied. *Id.* at *1 (E.D.N.Y. 2013); *Romero v. H.B. Automotive Group, Inc.*, 2012 WL 1514810, at *10 (S.D.N.Y. 2012) (denying conditional certification because "Plaintiff's 'modest factual showing cannot be satisfied simply by unsupported assertions'" and that "[c]onclusory allegations are not enough[.]" (quoting *Myers*, 624 F.3d at 555); *Khan v. Airport Management Servs., Inc.*, 2011 WL 5597371, at *4-5 (S.D.N.Y. 2011) (denying conditional certification because plaintiff relied exclusively on conclusory allegations); *Morales v. Plantworks, Inc.*, 2006 WL 278154, at *3 (S.D.N.Y. 2006) (denying conditional certification because plaintiffs offered only conclusory and unsupported allegations in support of their motion);

4

*Levinson v. Primedia Inc.*, 2003 WL 22533428, at *2 (S.D.N.Y. 2003) (denying conditional certifications where plaintiffs merely alleged that they were not paid overtime or the minimum wage, but provided no factual evidence other than their own conjecture that other employees suffered from the same unlawful pay practices).

**ARGUMENT**

**I.     The Court Should Deny Conditional Certification**

The Court should deny conditional certification of a collective action because the threadbare Cruz-Pena Decl. lacks the requisite foundation to be considered by the Court. Moreover, Plaintiff still fails to identify a specific common policy or plan that violates the FLSA. Lastly, Plaintiff is not "similarly situated" to potential collective members in relation to their claims.

**A. The Threadbare Cruz-Pena Decl. is Technically Infirm**

As set forth more fully below, the lone Cruz-Pena Decl. offered in support of the Motion for Conditional Certification should be disregarded for two (2) independent reasons. First, the lone English-language Cruz-Pena Decl. is insufficient, where, as here, the deponent does not speak and read English. Second, the Cruz-Pena Decl. is devoid of any evidence of policies or procedures violative of the FLSA and consist of nothing but speculation and surmise. Accordingly, the motion to conditionally certify amounts to a "fishing expedition" by the lone individual Plaintiff as it is based on pure speculation that there exists other similarly situated workers who

**i.     The Lone English-Language Cruz-Pena Decl. is Insufficient**

It is well settled that when a declarant does not speak and read English, as is apparently the case with Plaintiff, the party relying on his declaration is required to submit documentation sufficient to establish that the declarant knew what he was signing. *Espinoza v. 953 Assocs. LLC*, 280 F.R.D. 113, 119 (S.D.N.Y. 2011). This can be accomplished in one of two ways. *Id*. Either,

the declarant "submit a separate declaration, swearing that the declaration had been [faithfully] translated for the declarant[,]: *Cuzco v. Orion Builders, Inc.,* 477 F. Supp. 2d 628, 634 (S.D.N.Y. 2007), or "the declaration can be signed in English but accompanied by a separate declaration from a person who swears that the declaration was faithfully translated into the declarant's native language before the English language declaration was signed." *Espinoza*, 280 F.R.D. at 119. Where no such declaration has been provided, the Court is free to rely on the lone English-language declaration. *Cuzco.,* 477 F. Supp. 2d at 634.

In the instant case, the five (5) page, seventeen (17) paragraph English language Cruz-Pena Decl. was not accompanied by a separate declaration, attesting to the accuracy or faithfulness of the purported Spanish-English translation, referenced in paragraph 16. Accordingly, the Court should decline to rely on the Cruz-Pena Decl. *See Espinoza*, 280 F.R.D. at 119; *Cuzco.,* 477 F. Supp. 2d at 634.

> **ii.** **The Threadbare Cruz-Pena Decl. Fails to Establish a Common Policy of Unpaid Overtime**

Although Plaintiff's factual showing at the conditional certification stage is modest, it cannot be satisfied by unsupported assertions or conclusory allegations. *See Myers*, 624 F.3d 537, at 555; *Morales*, 2006 WL 278154 at 2-3. Such is the case here.

In support of the Motion for Conditional Certification, Plaintiff submits one (1) declaration (*i.e.,* the Cruz-Pena Decl.), with self-serving conclusory legal statements, in an attempt to establish a common policy or plan of unpaid overtime, in violation of the FLSA.

The Cruz-Pena Decl. fails to provide basic information about the classification of cooks or kitchen helpers, the nature of their job duties, schedules, pay rates, or any other identifying information pertaining to cooks or kitchen helpers. [*See generally* Cruz-Pena Decl.]. Moreover, the Cruz-Pena Decl. contains vague, nonspecific, undated conversations with thirteen (13)

6

individuals, who were allegedly subject to the same unlawful pay practices as Plaintiff. [*See* Cruz-Pena Decl. at ¶ 11]. The statements contained in the Cruz-Pena Decl. concerning these individuals do not describe when these conversations occurred, or the time period during when the other individuals were allegedly not properly compensated. [*Id.*]. The Cruz-Pena Decl. does not contain details concerning the conversations, provide a description of the other individuals' job duties, or even identify these individuals by their full names. Because of the lack of detail, the statements are insufficient to establish the existence of a common illegal wage policy that applied to other employees. *See Franck*, 2022 WL 4363855 at *13; *Abramovich v. Magic Home Care, LLC*, 1:18-cv-05342 (E.D.N.Y. 2019), Dckt. 46 at *7; *Eng-Hatcher v. Sprint Nextel Corp.*, 2009 U.S. Dist. LEXIS 127262 (S.D.N.Y. 2009) (denying motion for collective action where plaintiff identified five individuals who worked at her store and told plaintiff they were not paid for overtime, but plaintiff provided no information about these conversations); *Mendoza v. Casa de Cambio Delgado, Inc.*, 2008 WL 938584, at *2 (S.D.N.Y. 2008) (denying collective certification when "[t]he principal defect in [plaintiffs'] affidavits for collective certification is that not one Plaintiff affidavit purports a factual nexus with other putative employees of the [defendants]"); *Lin v. Benihana Nat'l Corp.*, 755 F. Supp. 2d 504, 510 (S.D.N.Y. 2010) ("The plaintiffs' failure to provide affidavits from any other employees" further undermines the allegation of a common policy); *Reyes v. Nidaja, LLC*, 2015 WL 4622587, at *2 (S.D.N.Y. 2015) (single unsupported statement that other employees also did not receive overtime compensation was insufficient to warrant conditional certification.

**B. Plaintiff Cannot Establish That He is Similarly Situated to the Putative Class.**

To warrant the exercise of the court's discretion for conditional collective action certification, a plaintiff must demonstrate that the potential class members are similarly situated.

*Realite v. Ark Restaurants Corp.*, 7 F.Supp.2d 303, 306 (S.D.N.Y. 1998); *Mike v. Safeco Ins. Co.*, 274 F. Supp. 2d 216, 220 (D. Conn. 2003) ("[t]he threshold issue in deciding whether to authorize class notice in an FLSA action is whether the plaintiff has demonstrated that potential class members are similarly situated.").

Plaintiff must make "some rudimentary showing of commonality between the basis for [their] claims and that of the potential claims of the proposed class, beyond the mere facts of job duties and pay provisions, because without such a requirement, it is doubtful that § 216(b) would further the interests of judicial economy, and it would undoubtedly present a ready opportunity for abuse*." Horne v. United Servs. Auto. Ass'n*, 279 F. Supp. 2d 1231, 1234 (M.D. Ala. 2003) (holding plaintiff did not meet burden of showing that there were similarly situated individuals who would opt-in to the lawsuit where he submitted only his own affidavit, alleging facts specific to him, and did not identify any other potential plaintiff). This is the case here.

In the case bar, the Cruz-Pena Decl. filed in support of the Motion for Conditional Certification does not establish a factual nexus with any other cooks or kitchen helpers employed by Defendants, that show a common scheme to violate the FLSA. Plaintiff has not provided any evidence that he was not paid properly other than his conclusory self-serving declaration.

Numerous courts have denied conditional certification where, as is the case here, the plaintiff failed to meet their requisite burden. *Jenkins v. TJX Companies Inc.,* 853 F. Supp. 2d 317 (E.D.N.Y. 2012) (denying conditional certification due to the absence of any evidence that others beyond plaintiff's location were subjected to alleged unlawful practices); *Khan*, 2011 U.S. Dist. LEXIS 133134, at 16 ) (denying conditional certification and noting that even at the first stage, plaintiff's burden is not "non existent"); *O'Donnell v. Robert Half Int'l.*, 429 F. Supp. 2d 246, 249 (D. Mass. 2006) (holding that plaintiffs have "failed to convince the Court that the employees in

the putative class are 'similarly situated' with the named plaintiffs" and denying plaintiff's motion for conditional certification). Accordingly, Plaintiff was not subject to a common policy that violates the FLSA, and the relief requested in their motion should be limited, if not denied in its entirety.

## C. Plaintiff has Failed to Show any Common Policy or Practice that Violates the Law

To warrant conditional certification, "the Court must find some identifiable factual nexus which binds the named plaintiffs and potential class members together as victims of a particular practice." *Ali v. New York City Health & Hosps. Corp.,* 2013 WL 1245543, at *2 (S.D.N.Y. 2013). A court should also deny conditional certification where, as here, plaintiff fails to show any common policy or practice that violates the law. *See Eng-Hatcher*, 2009 WL 7311383 at *3 ) (denying conditional certification because the plaintiff did not present evidence of a common policy or practice that violated the FLSA's overtime provisions); *see also Zeledon v. Dimi Gyro LLC*, 2016 WL 6561404, at *6 (S.D.N.Y. 2016) (mere allegations of purportedly unlawful policies and procedures, without a showing that those policies and procedures actually violate the FLSA, are insufficient).

### i. Plaintiff Cannot Establish a Common Policy Regarding Unpaid Overtime

Plaintiff boldly admits that

> "At the Stillwell Avenue location, the supervisors had a notebook where they recorded the hours worked by each employee, ***and I sometimes signed the book when I arrived to work and when I left***
>
> At the 41st Street and 35th Street locations, Defendants began using an electronic timekeeping system - a tablet where I signed in and out - but the tablet did not work consistently."

[Cruz-Pena Decl. at ¶ 9] (emphasis added). Thus, Plaintiff admits that Defendants maintained a copy-wide policy of timekeeping, that Plainitff – inexplicably – did not adhere to. Plaintiff

9

inexplicably overlooks the statutory exclusions under the FLSA that gives deference to an employer's policies of timekeeping and payroll.

Section 211(c) of the FLSA requires that "covered employers 'make, keep and preserve …records,' of their employees with respect to 'wages, hours, and other conditions and practices of employment' for a certain period of time." *Santillan v. Henao*, 822 F. Supp. 2d 284, 291 (E.D.N.Y. 2001) (quoting 29 U.S.C. § 211(c)). To establish liability under the FLSA on a claim for unpaid wages, "a plaintiff must prove that he performed work for which he was not properly compensated, and that the employer had actual or constructive knowledge of that work." *Kuebel*, 643 F.3d at 361 (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686–87 (1946)). "When the employer has kept proper and accurate records, the employee may easily discharge his burden by securing the production of those records." *Anderson*, 328 U.S. at 5; *see also* 29 U.S.C. § 211(c) (requiring employers to maintain accurate records of their employees' hours).

Here, the methodology of determining the amount of purported unpaid overtime is an employee-specific task, based on established time and payroll records (which Defendants have maintained). Where, as here, Plaintiff inexplicably did not adhere to this policy, he cannot be considered part of a common policy or plan that violates the FLSA. Specifically, Plaintiff boldly admits that:

> "At the Stillwell Avenue location, the supervisors had a notebook where they recorded the hours worked by each employee, ***and I sometimes signed the book when I arrived to work and when I left***
>
> At the 41st Street and 35th Street locations, Defendants began using an electronic timekeeping system - a tablet where I signed in and out - but the tablet did not work consistently."

[Cruz-Pena Decl. at ¶ 9] (emphasis added). Plaintiff has not, and cannot, demonstrate any common unlawful policy of unpaid overtime, arising out of Defendants' company-wide policy of requiring

their employees to sign-in, and sign-out, at the beginning and the end of their work schedules. Collective resolution of this claim therefore is improper.

## II. Alternatively, the Court Should Deny Equitable Tolling, and Direct that the Parties Submit an Agreed-Upon Revised Notice

Should the Court grant conditional certification (it should not), it should deny Plaintiff's request for equitable tolling, limit the look back period to three (3) years from the date of the Court's order approving notice, and revise the misleading sections of the proposed notices.

### A. There are No Exceptional Circumstances Justifying Equitable Tolling

Plaintiff requests that the statute of limitations for potential opt-in plaintiffs be equitably tolled "from the date of filing of this motion until such time as the Court resolves this motion." [Dckt. No. 21-7 at p. 18]. Plaintiff's request should be denied. Equitable tolling is available only in "rare and exceptional circumstances," such as "where a plaintiff has been prevented in some extraordinary way from exercising his rights." *Guo v. Tommy's Sushi Inc.*, 2014 WL 5314822, at *6 (S.D.N.Y. 2014) (citing *Johnson v. Nyack Hosp.*, 86 F. 3d 8, 12 (2d Cir. 1996)); *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 449 (S.D.N.Y. 2011). Plaintiff makes no attempt even to articulate a particularized basis for this request, let alone any "rare and exceptional circumstances." Rather their arguments imply that plaintiffs are routinely accorded equitable tolling under virtually all circumstances – which is simply not the law.

### B. Plaintiff's Proposed Notice is Deficient

The Motion for Conditional Certification should be denied because Plaintiff's proposed "opt-in" notice is deficient, for a number of reasons.

First, Plaintiff's proposed notice fails to inform potential plaintiffs that they may be obligated to participate in discovery. *See, e.g., Guan v. Long Island Bus. Inst., Inc.*, 2016 WL 4257549, at *6 (E.D.N.Y. 2016) (court authorizing the inclusion of defense counsel's contact

information, and a statement advising that potential opt-in plaintiffs may be required to participate in discovery) (citing *e.g. Bah v. Shoe Mania, Inc.*, 2009 WL 1357223, at 4 (S.D.N.Y. 2009)); *Rosario v. Valentine Ave. Disc. Store, Co*., 828 F. Supp. 2d 508, 520 (E.D.N.Y. 2011) ("[A] neutral and non-technical reference to discovery obligations, to insure that opt-in plaintiffs understand that their participation would entail greater obligations than participation in some Rule 23 class actions." (citing *Lujan v. Cabana Mgmt., Inc.*, 2011 WL 317984, at 11 (E.D.N.Y. 2011)).

Second, Plaintiff's proposed notice fails to identify and provide contact information for defense counsel, which courts recognize could serve as yet another source of information for notice recipients. *See, e.g., Guan*, 2016 WL 4257549, at 6; *Slamna v. API Rest. Corp*., 2013 WL 3340290, at *5 (S.D.N.Y. 2013); *Whitehorn*, 767 F. Supp. 2d at 451.

Third, Plaintiff's request for information is overly broad. There has been no showing in this case that mailing notices to the potential class members would be insufficient. Moreover, disclosing all of the information requested, including telephone numbers and email addresses, is an unjustified intrusion into the privacy of non-parties, including many current employees. *See Hintergerger v. Catholic Health Sys*., 2009 WL 3464134, at *11 (W.D.N.Y. 2009) ("The Court agrees that, in the interest of privacy, CHS need not produce phone numbers, social security numbers, dates of birth, and e-mail addresses."); *Gordon v. Kaleida Health*, 2009 WL 3334784, at *4 (W.D.N.Y. 2009) ("The Court agrees that, in the interest of privacy, Kaleida need not produce phone numbers, social security numbers, dates of birth, and e-mail addresses."); *see also Arevalo v. D.J.'s Underground, Inc.*, 2010 WL 4026112, at *3 (D. Md. 2010) (denying plaintiffs' motion to compel defendants to produce phone numbers for the putative plaintiffs); *Campbell v. PriceWaterhouse Coopers, LLP*, 2008 WL 2345035, at *3 (E.D. Cal. 2008) (holding telephone

and social security numbers should not be released unless notification of putative plaintiffs by first class mail is insufficient).

## **CONCLUSION**

For the reasons stated above, the Court should deny the Motion for Conditional Certification.

Dated: New York, New York
March 6, 2025

                                          Respectfully Submitted,

                                          LEVIN EPSTEIN & ASSOCIATES, P.C.

                                          */s Jason Mizrahi*
                                          Jason Mizrahi, Esq.
                                          Joshua Levin-Epstein, Esq.
                                          60 East 42nd Street, Suite 4700
                                          New York, New York 10165
                                          Tel No.: (212) 792-0048
                                          *Attorneys for Defendants*