UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PEDRO CRUZ-PEÑA, on behalf of himself, individually, and on behalf of all others similarly situated,

                Plaintiff,

    -against-

GREAT KITCHEN SUPPORT CORP., and CHRISTIAN DIAZ, individually,

                Defendants.

24 CV 6263 (PKC) (RML)

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION, DISCLOSURE OF CONTACT INFORMATION, LEAVE TO DISTRIBUTE NOTICE, AND EQUITABLE TOLLING PURSUANT TO 29 U.S.C. § 216(b)

Anthony P. Consiglio
Alexander T. Coleman
Michael J. Borrelli
BORRELLI & ASSOCIATES, P.L.L.C.
910 Franklin Avenue, Suite 205
Garden City, New York 11530
Tel. (516) 248-5550
*Attorneys for Plaintiffs*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ......................................................................................................................... 3

I.    Plaintiff Cruz-Pena's Declaration Establishes Sufficient Grounds for Conditional Certification of an FLSA Collective Action ........................................................... 3

II.    Equitable Tolling Is Appropriate ............................................................................. 6

III.    A Three-Year Look-Back Period Is Appropriate .................................................... 7

IV.    Defendants' Alternate Proposals of Notice Elements ............................................. 7

V.    The Court Should Authorize Discovery and Notice Even If Sufficient Grounds for Conditional Certification Are Not Yet Shown ........................................................ 8

CONCLUSION ................................................................................................................... 10

# TABLE OF AUTHORITIES

## Cases

*Alcantara-Flores v. Vlad Restoration Inc.*, 2017 WL 1655187 (E.D.N.Y. May 2, 2017) (Brodie, *J.*) ................................................................................................................. 8

*Becerra v. IM LLC-I*, 2016 WL 8968978 (E.D.N.Y. Feb. 20, 2016) (Spatt, *J.*) ............................. 9

*Burnett v. Wahlburgers Franchising LLC*, 2017 WL 11504788 (E.D.N.Y. Dec. 6, 2017) (Pollak, *J.*) ................................................................................................................. 9

*Eng-Hatcher v. Sprint Nextel Corp.*, 2009 WL 7311383 (S.D.N.Y. Nov. 13, 2009) ..................... 6

*Guan Ming Lin v. Benihana Natl. Corp.*, 755 F. Supp. 2d 504 (S.D.N.Y. 2010) .......................... 9

*Jenkins v. TJX Companies Inc.*, 853 F. Supp. 2d 317 (E.D.N.Y. 2012) (Spatt, *J.*) ....................... 5

*Khan v. Airport Management Services, LLC*, 2011 WL 5597371 (S.D.N.Y. Nov. 16, 2011) ................................................................................................................................. 5

*Lin v. JD Produce Maspeth LLC*, 2021 WL 12275095 (E.D.N.Y. Aug. 20, 2021) (Merkl, *J.*) ................................................................................................................................ 7, 9

*Lopes v. Heso, Inc.*, 2017 WL 4863084 (E.D.N.Y. Dec. 27, 2017) (Levy, *J.*) .............................. 6

*Mongiove v. Nate's Corp.*, 2016 WL 590460 (E.D.N.Y. Feb. 11, 2016) (Garaufis, *J.*) ................ 9

*O'Donnell v. Robert Half International, Inc.*, 429 F. Supp. 2d 246 (D. Mass. 2006) .................... 5

*Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502 (2d Cir. 2020) .................................. 1, 2, 3, 4

*Ugwudiobi v. International Trendz, LLC*, 2024 WL 4333840 (E.D.N.Y. Sep. 27, 2024) (Pollak, *J.*) ................................................................................................................. 4

*Valdez v. MitchPat & Fam, LLC*, 2022 WL 950450 (E.D.N.Y. Mar. 30, 2022) (Donnelly, *J.*) ................................................................................................................................. 8

*Vasquez v. A+ Staffing, LLC*, 746 F. Supp. 3d 26 (E.D.N.Y. 2024) (Pollak, *J.*) ........................... 2

*Zeledon v. Dimi Gyro LLC*, 2016 WL 6561404 (S.D.N.Y. Oct. 13, 2016) .................................... 6

# PRELIMINARY STATEMENT

Plaintiff Pedro Cruz-Pena submits this reply in further support of his motion for conditional certification of an FLSA collective action, disclosure of contact information, leave to distribute notice, and equitable tolling pursuant to 29 U.S.C. § 216(b), which he filed on February 20, 2025, and in response to the arguments that Defendants Great Kitchen Support Corp. and Cristian Diaz[1] raise in their opposition filed on March 6, 2025. Defendants argue that Plaintiff has not demonstrated sufficient grounds to justify conditional certification. But throughout their brief, Defendants simply ignore the law that directly governs this motion: the Second Circuit's decision in *Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502 (2d Cir. 2020). Defendants fail to cite or discuss *Scott **at all*** in their opposition, and instead repeatedly cite the approaches of older district court cases that *Scott* took pains to correct.

First, Defendants make factual allegations that attempt to dispute or undermine the averments in Plaintiff's Declaration in support of this motion. Defendants' brief recasts Defendants' faulty recordkeeping (their inconsistent use of a sign-in notebook, and their faultily functioning electronic tablet) as an alleged failure by ***Plaintiff*** to adhere to Defendants' policies. But that requires a tortured reading of the simple, straightforward facts stated by Plaintiff in his Declaration. The law is clear that the Court must accept Plaintiff's allegations and averments as true at this stage of the proceeding.

More fundamentally, Defendants' competing factual narrative does not address Plaintiff's showing that he is similarly-situated to other employees under *Scott*. Defendants ignore a full one-third of Plaintiff's Declaration, in which he explains how Defendants subjected his coworkers to the same scheduling, faulty time tracking, irregular payment procedures, and of course, failure to

---
[1] Incorrectly sued herein as Christian Diaz.

pay overtime. Defendants pretend that Plaintiff's averments are "conclusory legal statements" and ignore the overwhelming case law cited in Plaintiff's moving brief that holds that one declaration from the named plaintiff is sufficient to meet the modest burden for conditional certification.

Second, Defendants argue that Plaintiff has failed to make a "rudimentary showing" of commonality required to justify certification of a collective action. To make this argument, Defendants contend that the facts that Plaintiff alleges in his Declaration are specific only to him, and that he has demonstrated no factual nexus to other employees or common policy of Defendants. That, too, would require the Court to reject Plaintiff's averments. Under *Scott*, all that is required at this point is that the named-plaintiff and the putative opt-in plaintiffs "share one or more similar questions of law or fact material to the disposition of their FLSA claims." 954 F.3d at 521. Plaintiff's Declaration meets this requirement by stating that Plaintiff: observed the work of eleven coworkers whose first names he gives, plus the two coworkers who have already joined him in this action by filing opt-in claims; and spoke with several coworkers who told him that their pay "did not correspond to the number of hours they worked" and did not add up to required overtime pay. (Cruz-Pena Decl. at ¶¶ 10, 14, ECF Doc. 21). Under *Scott*, no "detailed legal justification for the preliminary certification of [Plaintiffs'] proposed FLSA collective" is required, and the similarly situated requirement is met by an averment that "a FLSA violation" has occurred. *Vasquez v. A+ Staffing, LLC*, 746 F. Supp. 3d 26, 60 (E.D.N.Y. 2024) (Pollak, *J.*) .

Third, Defendants request that the Court decline to equitably toll the statute of limitations, and (in a footnote) misleadingly pretend that the appropriate notice period in this case is two years rather than three years. Plaintiff's Complaint and Declaration clearly allege willfulness (Defendant Diaz refused to listen when Plaintiff complained about missing pay), and a three-year look-back period from the date when Plaintiff filed his Complaint on September 6, 2024, is this appropriate.

Finally, Defendants dispute a few issues regarding the proposed form and manner of notice, which can easily be resolved as discussed below.

In sum, as explained in further detail below, the Court should grant Plaintiff's motion in its entirety.

## ARGUMENT

### I. Plaintiff Cruz-Pena's Declaration Establishes Sufficient Grounds for Conditional Certification of an FLSA Collective Action

To begin, Defendants complain that Plaintiff's Declaration is not accompanied by a separate translator's declaration or certification. Yet Plaintiff explained in his Declaration that he worked with a bilingual translator to create the Declaration. Nevertheless, to satisfy any doubts, Plaintiff now submits with this reply a certified translation of the original Declaration in his native language, newly sworn to by him.

Next, Defendants complain that Plaintiff's Declaration does not give sufficient detail as to his coworkers' full names, job duties, work histories, or their conversations about the same with Plaintiff to demonstrate the existence of a common policy of unpaid overtime. Defendants also take issue with Plaintiff's explanation of the failure of timekeeping – which is, of course, Defendants' obligation, not Plaintiff's obligation.

Defendants are wrong. Under *Scott*, conditional certification of an FLSA collective action requires only that a plaintiff demonstrate he is similarly situated to others "with regard to some material aspect of [his] litigation," that he "share a similar issue of law or fact material to the disposition of their FLSA claims." 954 F.3d at 516. To meet this burden, Plaintiff needs to make a "modest factual showing" and is not required to allege the kind of detail that is required to establish a class under Rule 23. *See id.* at 515, 518-20. And as *Scott* commands, any differences that might exist are simply not relevant:

3

> [A]s the district court correctly noted, the *differences* in the actual job duties of Apprentices are better suited to the predominance inquiry together with an analysis of the Rule 23(b)(3) factors. Thus, as the district court seems to acknowledge, these differences will not prove fatal to the 'similarly situated' analysis in the same way they proved fatal to the predominance inquiry in this case. If named plaintiffs and opt-in plaintiffs are similar in some respects material to the disposition of their claims, collective treatment may be to that extent appropriate, as it may to that extent facilitate the collective litigation of collective plaintiffs' claims.

954 F.3d at 521-22 (internal quotation marks, citations, and alteration omitted).

Here, Plaintiff has averred that he regularly worked six or seven days each week, from 10 to 12.5 hours per day. (Cruz-Pena Decl. ¶ 8). He avers that he worked alongside at least 15 non-managerial employees who performed the same job duties as he did, and who called themselves cooks or kitchen assistants. (*Id.* ¶¶ 10-11). These employees worked similar hours and schedules as Plaintiff (*see id.* ¶¶ 12-13), and they discussed with him their unpaid overtime (*see id.* ¶ 14).

Courts have found similarly sworn averments sufficient to meet the *Scott* test. *See Ugwudiobi v. International Trendz, LLC*, 2024 WL 4333840 at, *5-6 (E.D.N.Y. Sep. 27, 2024) (Pollak, *J.*) (averment of numerous conversations with other employees who had similar job duties, worked similar hours, and claimed not to have been compensated for overtime work meets the *Scott* standard to establish a common policy or plan that violated the law). Indeed, in *Ugwudiobi*, Judge Pollak noted that it was inappropriate for the court to entertain the defendants' opposition arguments that would require the court to resolve disputed issues of fact. *See id.* at *6. Here, too, the Court should reject Defendants' version of what they believe Plaintiff's averments "mean" for the failure of timekeeping at Defendants' places of employment.

Even setting aside the problem that all of the cases cited by Defendants are pre-*Scott* and/or are out of Circuit, Defendants' cited cases are still thoroughly inapposite on this motion. Defendants have cited exclusively cases involving large, national defendant employers where the

4

plaintiffs sought to certify nationwide collectives and/or classes of employees working in categories of jobs with which the declarants had no personal knowledge.

In *Jenkins v. TJX Companies Inc.*, 853 F. Supp. 2d 317 (E.D.N.Y. 2012) (Spatt, *J.*), the court found that the plaintiff failed to demonstrate the existence of a nationwide collective in a national retailer, largely because on the motion for conditional certification, the plaintiff relied on only his own experience and a consultant's report, and failed to cite to any other employee who did the same work or experienced the same pay violations as him. *See id.* at 321. Here, by contrast, Plaintiff describes the work and pay of numerous other employees employed at the same work sites as he was employed.

In *Khan v. Airport Management Services, LLC*, 2011 WL 5597371, at *4 (S.D.N.Y. Nov. 16, 2011), the court denied conditional certification because the defendants rebutted the plaintiff's sparse factual showing by submitting 23 sworn declarations from employees in the plaintiff's job title around the country, who all averred that they had broad managerial duties rather than the limited responsibilities claimed by the plaintiff.

In *O'Donnell v. Robert Half International, Inc.*, 429 F. Supp. 2d 246, 250 (D. Mass. 2006), the court denied conditional certification, noting that the defendant was "a large company with a business presence throughout the country," and the two plaintiffs had no knowledge whatsoever of the practices in the defendant's other divisions or offices for which certification was sought.

Here, by contrast, Plaintiff has estimated that there are between 25 and 100 employees working in the two kitchen work sites and eleven client catering-service venues where he worked (Cruz-Pena Decl. ¶¶ 2-3, 13), all in New York City, and all employees with the same job duties who called themselves cooks or kitchen assistants (*id.* ¶¶ 7, 11).

5

Similarly, Defendants cite a case denying certification of nationwide classes of Sprint retail salespeople, *Eng-Hatcher v. Sprint Nextel Corp.*, 2009 WL 7311383, at *2 (S.D.N.Y. Nov. 13, 2009).

Lastly, Defendants cite *Zeledon v. Dimi Gyro LLC*, 2016 WL 6561404 (S.D.N.Y. Oct. 13, 2016), but fail to note that the motion was granted in part with respect to restaurant deliverymen based upon the deliveryman-plaintiff's reliance on his own, sole declaration and his undetailed but personal knowledge of other deliverymen's work and pay. In doing so, the court rejected the defendants' characterization of the plaintiff's personal knowledge as "hearsay." *See id.* at *9-10 (finding plaintiff's proffer regarding the deliverymen's common exposure to an allegedly unlawful compensation policy to be sufficient for conditional certification of an FLSA collective action).

*Zeledon* thus supports Plaintiff's instant motion, not Defendants' opposition. The court in *Zeledon* rejected the plaintiff's proposal of collectives of other categories of employees for whom he had no personal knowledge, but here, Plaintiff seeks to conditionally certify a collective only of those performing the exact same job as him. Regardless, as set forth and quoted above, the state of the law under *Scott* is clear that differences in job duties will not defeat a conditional certification motion. *See* 954 F.3d at 521-22.

## II. Equitable Tolling Is Appropriate

Defendants make no substantive argument to oppose Plaintiff's request of equitable tolling, arguing instead that equitable tolling is appropriate only in rare and exceptional circumstances that are not present here. But Defendants are wrong. Equitable tolling back to the date of the named plaintiff's commencement of the action is not limited to rare and exceptional circumstances. *See Lopes v. Heso, Inc.*, 2017 WL 4863084 (E.D.N.Y. Dec. 27, 2017) (Levy, *J.*) (equitable tolling back to the date of the commencement of the action is appropriate because it "increase[s] the likelihood

6

that more party plaintiffs with timely claims will consent to opt in, with the understanding that at the appropriate stage in the litigation, Defendants will have an opportunity to argue that each plaintiff's claim is untimely).

### III. A Three-Year Look-Back Period Is Appropriate

Defendants' brief suggests in a footnote that a two-year look-back period applies on this motion. But Defendants are wrong. Plaintiff's Notice of Motion (ECF Doc. 21) clearly states in its first enumerated request for relief a three-year look-back period dating from the date of the filing of the Complaint in this action. In his Declaration in support of the motion, Plaintiff has clearly averred actions taken by Defendant Diaz that indicate willfulness. Plaintiff complained to Defendant Diaz on two or more occasions about unpaid wages and unremunerated worked hours, and each time, Defendant Diaz refused to listen or explain, and took no corrective action. (Cruz-Pena Decl. ¶ 5). Thus, a three-year look-back period for conditional certification and notices is appropriate, and does not prevent later findings of non-willfulness. *See Lin v. JD Produce Maspeth LLC*, 2021 WL 12275095, at *11 (E.D.N.Y. Aug. 20, 2021) (Merkl, *J.*).

### IV. Defendants' Alternate Proposals of Notice Elements

Defendants request that a "neutral and non-technical reference to discovery obligations" be included in the notice to potential opt-in plaintiffs. However, this request is already satisfied in the notice proposed by Plaintiff (ECF Doc. 21-3). Section 6 of the proposed notice is entitled "If I choose to join this lawsuit, will I have to participate in any legal proceeding?" and specifies that opt-in plaintiffs "will be required to provide information and answer questions relating to your employment with Defendant. You may be required to testify at a deposition or at a trial, respond to written questions, and/or produce documents relevant to the case. For this reason, if you join

the lawsuit, you should preserve all documents relating to your employment with the Defendant that are currently in your possession."

Plaintiffs oppose Defendants' request that contact information for defense counsel be included in the notice. That is because defense counsel cannot represent any plaintiffs in this action and should not therefore be permitted to speak with potential plaintiffs. It is disingenuous to argue that Defendants' attorneys will provide useful information to potential opt-in plaintiffs. Many judges in the district have reached this conclusion, and on that ground, have denied requests to include defense counsel's contact information in the notices. *See Valdez v. MitchPat & Fam, LLC*, 2022 WL 950450, at *14-15 (E.D.N.Y. Mar. 30, 2022) (Donnelly, *J.*) (collecting cases). Further, including defense counsel's contact information would require an additional warning not to contact defense counsel, thus creating unnecessary and harmful confusion. *See id.* at *15.

Defendants are also wrong in stating that there has been no showing of need for email and text message notices; in his Declaration, Plaintiff avers that "[m]essaging [by text message and WhatsApp message] was our sole method of communication." (Cruz-Pena Decl. ¶ 6).

## V. The Court Should Authorize Discovery and Notice Even If Sufficient Grounds for Conditional Certification Are Not Yet Shown

In fact, the FLSA does not require certification of a collective at all; certification is "a recognized case management tool for district courts to employ in appropriate cases to facilitate the sending of notice to potential [collective] class members." *Alcantara-Flores v. Vlad Restoration Inc.*, 2017 WL 1655187, at *2 (E.D.N.Y. May 2, 2017) (Brodie, *J.*) (internal quotation marks and citations omitted) (affirming Magistrate Judge Levy's grant of conditional certification upon averments that defendants failed to pay overtime wages to two declarants and the declarants had personal knowledge of other employees subject to the same unlawful practices); *see also Mongiove*

*v. Nate's Corp.*, 2016 WL 590460, at *6 (E.D.N.Y. Feb. 11, 2016) (Garaufis, *J.*) ("the Court's discretion to facilitate notice of FLSA claims is premised on its case management authority").

Thus, consistent with the statutory scheme, even when a court finds that facts shown on a first motion for conditional certification are insufficient, in light of the remedial purpose of the FLSA and courts' broad power to authorize discovery in FLSA actions, courts nevertheless order disclosure of contact information for the potential opt-in plaintiffs as an intermediate step, in order to allow for efficient discovery into whether collective allegations are in fact supported, before a renewed motion for conditional certification is filed by the plaintiff. *See Lin*, 2021 WL 12275095 at *2; *Burnett v. Wahlburgers Franchising LLC*, 2017 WL 11504788, at *5 (E.D.N.Y. Dec. 6, 2017) (Pollak, *J.*); *Becerra v. IM LLC-I*, 2016 WL 8968978, at *6 (E.D.N.Y. Feb. 20, 2016) (Spatt, *J.*); *Guan Ming Lin v. Benihana Natl. Corp.*, 755 F. Supp. 2d 504, 513 (S.D.N.Y. 2010).

Here, if the Court has any doubts about the sufficiency of Plaintiff's showing on this motion for conditional certification, it should order the discovery of the phone numbers, email addresses, and mailing addresses of the potential opt-in plaintiffs in accordance with this case law and the statutory scheme.

Finally, as the cases cited above also demonstrate, the Court should allow Plaintiff to file a renewed motion for conditional certification after taking discovery, if the Court should decline to grant the instant motion. *See Lin*, 2021 WL 5163218, at *2, 5; *Becerra*, 2016 WL 8968978, at *6.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this motion in its entirety. If the Court finds any of the requirements for this motion not satisfied, Plaintiff respectfully requests leave to file a further motion for conditional certification during the course of discovery.

Dated: Garden City, New York
March 26, 2025

       Respectfully submitted,

       BORRELLI & ASSOCIATES, P.L.L.C.
       *Attorneys for Plaintiffs*
       910 Franklin Avenue, Suite 205
       Garden City, New York 11530
       Tel. (516) 248-5550
       Fax. (516) 248-6027

By: _____
       Anthony P. Consiglio (AC 3490)
       Alexander T. Coleman (AC 8151)
       Michael J. Borrelli (MB 8533)