# LEVIN-EPSTEIN & ASSOCIATES, P.C.

420 Lexington Avenue • Suite 2458 • New York, New York 10170
T: 212.792.0048 • E: Jason@levinepstein.com

June 16, 2025

<u>*Via Electronic Filing*</u>
The Hon. Pamela K. Chen, U.S.D. J
U.S. District Court, Eastern District of New York
225 Cadman Plaza East,
Brooklyn, NY 11201

        Re: *Cruz-Pena v. Great Kitchen Support Corp. et al*
           Case No.: 1:24-cv-06263-PKC-RML

Dear Honorable Judge Chen:

  This law firm represents Great Kitchen Support Corp., and Chrisitan Diaz, (collectively, the "Defendants") in the above-referenced matter.

  Pursuant to Your Honor's Individual Motion Practice Rules, this letter respectfully serves to request the entry of an order, precluding counsel for Plaintiff Pedro Cruz-Pena (the "Plaintiff") from contacting any of the Defendants' current or former employees in any form other than as permitted by this Court for purposes of disseminating notice of the conditionally certified FLSA collective action.

  **I.**  **Factual Background**

  On February 20, 2025, Plaintiff filed a motion for conditional certification of a collective action filed, pursuant to 29 U.S.C. § 216(b) [Dckt. No. 21] (the "Motion for Conditional Certification"). Defendants filed their opposition on March 6, 2025 [Dckt. No. 22], and Plaintiff filed his reply on March 26, 2025. [Dckt. No. 24]. As of the date of this submission, the Court has not ruled on Plaintiff's Motion for Conditional Certification.

  On or around April 11, 2025 at 5:40 p.m., *i.e.,* nearly two (2) weeks after the Motion for Conditional Certification was fully briefed, counsel for Plainitff, Michael J. Borrelli ("Attorney Borelli") sent the unsolicited message annexed hereto as Exhibit "A", to Defendants' current / former employee, via Indeed. Attorney Borelli's Indeed message states as follows:

> "You are receiving this email because you work and/or recently worked for Great Kitchen as an employee performing manual labor. We have been retained by several employees and/or former employees and have filed a lawsuit against Great Kitchen for improper wage payment and/or improper payment of overtime pay. Current and/or former employees are also protected from retaliation if they pursue their rights. If you have any interest in learning more about our investigation, or if you are willing to provide information in furtherance of this investigation, we encourage you to speak with us as soon as possible. You can call us at (212) 679-5000 or (516) 248-5550 at a time that is convenient for you, or you may contact me via email at jmb@employmentlawyernewyork.com. Thank you for your time."

[*See* Ex. A]. The current / former employee forwarded Attorney Borelli's message to Defendants.

## II. New York Rules of Professional Conduct §§ 7.3 and 1.0(c)

Indeed messages are "interactive computer-accessed communications" within the meaning of Rule 7.3 of the New York Rules of Professional Conduct. Comment 9 to Rule 7.3 states that "instant messaging ('IM'), chat rooms, and other similar types of conversational computer-accessed communications – whether sent or received via a desktop computer, a portable computer, a cell phone, or any similar electronic wireless device, and ***whether sent directly or via social media*** – are considered to be real-time or interactive communication." N.Y.P.R.C. 7.3 at cmt. 9 (2022) (emphasis added).

Indeed is "the #1 job site in the world and a global job matching and hiring platform."[1] In other words, it is a social media platform or network. Messages sent on it are instant and interactive. *See* https://www.indeed.com/employers/messaging (explaining "[w]hat are messaging conversations?"). They are primarily chat-like instant messages that, depending on a user's notification settings, can be immediately forwarded to a recipient's linked email address. Depending on notification settings and whether a user utilizes, an Indeed message may appear in their email, as and in the bottom right of his or her computer screen as a chat window or, on mobile, as a notification that is similar to an SMS text message. *Id*.

Plaintiff's counsel's messages here are "solicitation" within the meaning of Rule 7.3(b). They are "initiated by or on behalf of a lawyer or law firm," in this case Attorney Borelli and Borrelli & Associates, P.L.L.C., and are "directed to, targeted at, a specific recipient or group of recipients," in this case Defendants' former and current employees. For several reasons explained below, the primary purpose of these messages is to have more individuals join this Action and thereby significantly increase counsel's pecuniary gain. Plaintiff's counsel is not engaging in a legitimate "investigation" here.

## III. Request to Limit Contact with Potential Opt-Ins

The Court has a "substantial" interest in "preventing undue confusion among putative members of class or FLSA collective actions" during the notice phase. *Shibetti v. Z Rest. Diner & Lounge Inc.*, 2021 WL 1738315, at *7 (E.D.N.Y. 2021) (quoting *Hinterberger v. Catholic Health Sys., Inc.*, 2010 WL 3395672, at *8 (W.D.N.Y. 2010)). The Court has broad discretion in setting the parameters of how, when, and what is communicated to potential opt-ins surrounding conditional certification. *Id*. at *8. As Judge Cogan has explained:

> "There is often an unspoken but well understood conflict in FLSA actions: plaintiffs (or rather their counsel) want a large collective to increase potential damages and attorney's fees, and defendants want the collective and their potential liability to be as small as possible. Court-facilitated notice helps to balance these competing interests. The disputes over such notices can be quite petty, but Court approval "ensures that the notice is timely, accurate, and informative," and "both the parties and the court benefit from settling disputes about the content of the notice before it

---

[1] *See* https://www.indeed.com/about (last accessed June 16, 2025).

is distributed." ***Those benefits are eviscerated if plaintiff's counsel does not fully disclose its plans for the notice or sends a notice that deviates from the version approved by the Court.***"

*Panora v. Deenora Corp.*, 521 F. Supp. 3d 177, at 179–80 (E.D.N.Y. 2021) (quoting *Hoffman- LaRoche Inc. v. Sperling*, 493 U.S. 165, 172 (1989)) (emphasis added). This is happening and will continue to happen here if Plaintiff's counsel is given free rein to solicit Defendants' employees under the pretext of "investigating" Plaintiff's claims.

"Investigating" Plaintiff's claims was a pretext to solicit the former employee, both in the message itself and in a follow-up call. The unauthorized message is problematic as a one-sided and inaccurate recitation of Plaintiff's claims. Counsel sent the message after the Motion for Conditional Certification had been fully-briefed, and submitted, but not yet ruled on. Thus, Plaintiff's counsel is preemptively circumventing any notice process the Court may order the Parties to complete. Allowing Plaintiff's counsel to continue to contact Defendants' current and former employees eviscerates the benefits of having a court-approved notice and consent form. Lastly, consistent with Fed.R.Civ.P. 11, Plaintiff's counsel should have already "investigated" Plaintiff's claims before filing a Complaint [Dckt. No. 1], two declarations [Dckt. Nos. 21-1, 24-1], and a Motion for Conditional Certification [Dckt. Nos. 21, 24].

The improper solicitation of potential opt-ins resulted in the entry of a similar order, and the scheduling of an in-person evidentiary hearing, in a an identical wage-and-hour action in the Southern District, before the Honorable District Judge Valerie Caproni, captioned *Sarr v. Sinergia, Inc. et al.*, [Case No. 22-cv- 3610]. It is respectfully submitted that this Court preclude Plaintiff's counsel from engaging in unauthorized communications on the same grounds as in the *Sarr* action.

Accordingly, Defendants respectfully request that the Court preclude Plaintiff's counsel from further contacting its current and former employees except in the forms authorized by the Court for purposes of disseminating notices.

Thank you, in advance, for your time and attention to this matter.

               Respectfully submitted,

               LEVIN-EPSTEIN & ASSOCIATES, P.C.

               By: */s/ Jason Mizrahi*
                  Jason Mizrahi, Esq.
                  420 Lexington Avenue, Suite 2458
                  New York, New York 10170
                  Tel. No.:  (212) 792-0048
                  Email: Jason@levinepstein.com
                  *Attorneys for Defendants*

VIA ECF: All Counsel